NO. 07-09-00356-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 31, 2010

KIMBERLY YVETTE GARCIA, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 64TH DISTRICT COURT OF HALE COUNTY;

NO. A17430-0711; HONORABLE ROBERT W. KINKAID JR., JUDGE

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant Kimberly Yvette Garcia appeals from the trial court's revocation of her deferred adjudication community supervision, finding her guilty of forgery of a financial instrument and sentencing her to eighteen months in a state jail facility. Through one issue, appellant contends the judgment adjudicating guilt does not conform to the oral pronouncement of appellant's sentence and the written judgment should be reformed. We will modify the judgment and affirm it as modified.

## Background

In March 2008, appellant plead guilty to forgery of a financial instrument. Consistent with her plea agreement, the court deferred a finding of guilt and placed appellant on community supervision. Appellant's deferred adjudication was conditioned on her compliance with specified terms and conditions. The State filed a motion to proceed to an adjudication of guilt in September 2008. The court heard the motion and continued appellant's community supervision with additional terms.

In 2009, the State filed another motion to proceed to an adjudication of guilt. At the hearing on this motion, appellant plead "true" to each of the State's allegations and entered a written stipulation of the evidence. She also testified to several reasons why she did not comply with the terms of her community supervision. Her community supervision officer also testified, outlining her failures to comply. Based on appellant's plea of "true" and the testimony presented, the trial court revoked appellant's community supervision, entered a finding of guilt and sentenced appellant to eighteen months of confinement in a state jail facility. The court also imposed court costs of $281.00, restitution in the amount of $253.46 and attorney's fees in the amount of $800.00. This appeal followed.

## Analysis

At the conclusion of the hearing, the trial court orally pronounced sentence against appellant. No fine was imposed. However, the written judgment includes a figure of $1334.46, handwritten next to the field for a fine in the summary portion of the

2

judgment.[1]  The judgment also includes language ordering appellant "to pay all fines . . . as indicated above."  Appellant argues the judgment should be reformed to reflect the trial court's oral pronouncement of sentence.  We agree.

A fine is part of the sentence and must be included in the oral pronouncement of the sentence.  *See* Tex. Code Crim. Proc. Ann. art. 42.03, §1(a) (Vernon 2009); *see also Weir v. State,* 278 S.W.3d 364 (Tex.Crim.App. 2009).  Generally, when the oral pronouncement of sentence in open court and the written judgment conflict, the oral pronouncement controls. *Thompson v. State*, 108 S.W.3d 287, 290 (Tex.Crim.App. 2003); *see Taylor v. State*, 131 S.W.3d 497, 502 (Tex. Crim. App. 2004) (applying *Thompson* in a deferred adjudication case).  *See also  Coffey v. State*, 979 S.W.2d 326, 328 (Tex.Crim.App. 1998). "The solution in those cases in which the oral pronouncement and the written judgment conflict is to reform the written judgment to conform to the sentence that was orally pronounced." *Thompson*, 108 S.W.3d at 290; *see* Tex. R. App. P. 43.2(b).

Appellate courts have the authority to modify incorrect judgments when the necessary data and information to do so are available. *See* Tex. R. App. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27 (Tex.Crim.App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex.App.--Dallas 1991, pet. ref'd). The record of this cause provides the information necessary to reform the judgment.  Accordingly, to make it consistent with

---

[1] The judgment also includes a typewritten "$N/A" notation in that field.  The State contends the handwritten amount is likely a clerical notation made after the judgment was filed to show the total amount of the restitution, court costs and attorney's fees. The State agrees, however, that the trial court imposed no fine in this case, agrees such notations should not be made on the face of the judgment and agrees reformation to remove the figure is appropriate.

3

the trial court's oral pronouncement, we modify the court's written judgment to delete any order that appellant pay a fine**.**

We note also an issue not raised by appellant regarding the assessment of attorney's fees against appellant.[2]  In order to assess attorney's fees, the trial court must first determine that the defendant has financial resources that enable her to offset in part or in whole the cost of the legal services provided.  Tex. Code Crim. Proc. Ann. art. 26.05(g) (Vernon 2009).  And the record must reflect some factual basis to support the determination that the defendant is capable of paying attorney's fees.  *Barrera v. State*, 291 S.W.3d 515, 518 (Tex. App.--Amarillo 2009, no pet.) (per curiam); *Perez v. State*, 280 S.W.3d 886, 887 (Tex. App--Amarillo 2009, no pet.).

The written judgment here contains the trial court's order that appellant pay $800.00 in attorney's fees.  The clerk's record reflects, however, the trial court found appellant indigent and unable to afford the cost of legal representation in November 2007, October 2008 and September 2009 and again on appeal in October 2009.  It does not appear the trial court made a determination appellant had financial resources enabling her to pay all or any part of the fees paid her court-appointed counsel, and we

---

[2] Courts of appeals may review unassigned error in criminal cases, particularly when the appellate court's review discloses error that should be addressed in the interest of justice.  *Hammock v. State,* 211 S.W.3d 874, 878 (Tex.App.—Texarkana 2006, no pet.).  Here, we take judicial notice that there is pending before us appellant's appeal of the judgment in a companion case, signed at the same time and at the same hearing as the judgment here appealed, and further take judicial notice that appellant's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) in that companion case.  *Garcia v. State,* No. 07-09-0357-CR.  Because of these peculiar procedural circumstances, we conclude the interest of justice requires our consideration of the trial court's order that appellant pay attorney's fees, though the order is not assigned as error.

4

are unable to see any evidence to support such a determination. We conclude the order to pay attorney's fees was improper because the evidence was legally insufficient to support a finding appellant had the financial resources to pay attorney's fees. *See Mayer v. State,* 309 S.W.3d 552 (Tex.Crim.App. 2010). Accordingly, we modify the judgment to delete also the order to pay attorney's fees. *Id.; see also Anderson v. State,* No. 03-09-00630-CR, 2010 Tex.App. LEXIS 5033, *9 (Tex.App-Austin, July 1, 2010, no pet.) (also modifying judgment to delete order to pay attorney's fees).

Having modified the trial court's judgment to delete the orders appellant pay a fine and pay $800 attorney's fees, we affirm the judgment as modified.


James T. Campbell
Justice


Do not publish.