NO. 07-09-00356-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL D

 



AUGUST
31, 2010

 



 

KIMBERLY YVETTE GARCIA, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 64TH DISTRICT COURT OF HALE
COUNTY;

 

NO. A17430-0711; HONORABLE ROBERT W. KINKAID JR., JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

Appellant Kimberly Yvette Garcia
appeals from the trial court’s revocation of her deferred adjudication
community supervision, finding her guilty of forgery of a financial instrument and sentencing her to eighteen months
in a state jail facility. Through one issue, appellant contends the judgment
adjudicating guilt does not conform to the oral pronouncement of appellant’s
sentence and the written judgment should be reformed.  We will modify the judgment and affirm it as
modified.

 

 

Background

            In
March 2008, appellant plead guilty to forgery of a financial instrument.  Consistent with her plea agreement, the court
deferred a finding of guilt and placed appellant on community supervision.  Appellant’s deferred adjudication was
conditioned on her compliance with specified terms and conditions.  The State filed a motion to proceed to an
adjudication of guilt in September 2008. 
The court heard the motion and continued appellant’s community
supervision with additional terms.  

            In
2009, the State filed another
motion to proceed to an adjudication of guilt. 
At the hearing on this motion, appellant plead “true” to each of the
State’s allegations and entered a written stipulation of the evidence. She also
testified to several reasons why she did not comply with the terms of her
community supervision.  Her community
supervision officer also testified, outlining her failures to comply. Based on
appellant’s plea of “true” and the testimony presented, the trial court revoked
appellant’s community supervision, entered a finding of guilt and sentenced
appellant to eighteen months of confinement in a state jail facility.  The court also imposed court costs of $281.00,
restitution in the amount of $253.46 and attorney’s fees in the amount of
$800.00.  This appeal followed.

Analysis

At the conclusion of the hearing, the trial court orally
pronounced sentence against appellant. 
No fine was imposed.  However, the
written judgment includes a figure of $1334.46, handwritten next to the field
for a fine in the summary portion of the judgment.[1]  The judgment also includes language ordering
appellant “to pay all fines . . . as indicated above.”  Appellant argues the judgment should be
reformed to reflect the trial court’s oral pronouncement of sentence.  We agree.

A
fine is part of the sentence and must be included in the oral pronouncement of
the sentence.  See Tex. Code Crim. Proc. Ann. art.
42.03, §1(a) (Vernon 2009); see also Weir
v. State, 278 S.W.3d 364 (Tex.Crim.App.
2009).  Generally, when
the oral pronouncement of sentence in
open court and the written judgment conflict, the oral
pronouncement controls. Thompson v. State, 108 S.W.3d 287, 290 (Tex.Crim.App. 2003); see Taylor v. State, 131 S.W.3d 497, 502 (Tex. Crim.
App. 2004) (applying Thompson in a deferred
adjudication case).  See also  Coffey v. State, 979 S.W.2d 326, 328 (Tex.Crim.App. 1998). "The solution in
those cases in which the oral pronouncement and the written
judgment conflict is to reform the written judgment
to conform to the sentence that was orally pronounced." Thompson, 108 S.W.3d at 290; see
Tex. R. App. P. 43.2(b).

Appellate
courts have the authority to modify incorrect judgments when the necessary data and
information to do so are available. See Tex. R. App. P. 43.2(b); Bigley v. State, 865 S.W.2d 26, 27 (Tex.Crim.App. 1993); Asberry v. State, 813 S.W.2d 526, 529 (Tex.App.--Dallas 1991, pet. ref'd).
The record of this cause provides the information necessary to reform the judgment.  Accordingly, to make it consistent with the
trial court's oral pronouncement, we modify the court’s written judgment
to delete any order that appellant pay a fine.  

We
note also an issue not raised by appellant regarding the assessment of
attorney’s fees against appellant.[2]  In order to assess attorney's fees, the
trial court must first determine that the defendant has financial resources
that enable her to offset in part or in whole the cost of the legal services
provided.  Tex. Code Crim.
Proc. Ann. art. 26.05(g) (Vernon 2009).  And the record must reflect some factual
basis to support the determination that the defendant is capable of paying
attorney's fees.  Barrera v. State, 291 S.W.3d 515, 518 (Tex.
App.--Amarillo 2009, no pet.) (per curiam); Perez v. State, 280 S.W.3d 886, 887 (Tex.
App--Amarillo 2009, no pet.).

The
written judgment here contains the trial court’s order that appellant pay
$800.00 in attorney’s fees.  The clerk’s
record reflects, however, the trial court found appellant indigent and unable
to afford the cost of legal representation in November 2007, October 2008 and
September 2009 and again on appeal in October 2009.  It does not appear the trial court made a
determination appellant had financial resources enabling her to pay all or any
part of the fees paid her court-appointed counsel, and we are unable to see any
evidence to support such a determination. 
We conclude the order to pay attorney’s fees was improper because the
evidence was legally insufficient to support a finding appellant had the
financial resources to pay attorney’s fees. See
Mayer v. State, 309 S.W.3d 552 (Tex.Crim.App. 2010). 
Accordingly, we
modify the judgment to delete also the order to pay attorney’s fees.  Id.;
see also Anderson v. State, No. 03-09-00630-CR, 2010 Tex.App.
LEXIS 5033, *9 (Tex.App-Austin, July
1, 2010, no pet.) (also modifying judgment to
delete order to pay attorney’s fees).

Having
modified the trial court’s judgment to delete the orders appellant pay a fine
and pay $800 attorney’s fees, we affirm the judgment as modified.

 

                                                                                                James
T. Campbell

                                                                                                            Justice

Do
not publish.

 











[1]
The
judgment also includes a typewritten “$N/A” notation in that field.  The State contends the handwritten amount is
likely a clerical notation made after the judgment was filed to show the total
amount of the restitution, court costs and attorney’s fees.  The State agrees, however, that the trial
court imposed no fine in this case, agrees such notations should not be made on
the face of the judgment and agrees reformation to remove the figure is
appropriate.





[2]
Courts
of appeals may review unassigned error in criminal cases, particularly when the
appellate court’s review discloses error that should be addressed in the
interest of justice.  Hammock v. State, 211 S.W.3d 874, 878 (Tex.App.—Texarkana 2006, no pet.).  Here, we take judicial notice that there is
pending before us appellant’s appeal of the judgment in a companion case,
signed at the same time and at the same hearing as the judgment here appealed,
and further take judicial notice that appellant’s counsel has filed a brief
pursuant to Anders v.
California, 386 U.S. 738, 87 S.Ct.
1396, 18 L.Ed.2d 493 (1967) in that
companion case.  Garcia v. State, No. 07-09-0357-CR.
Because of these peculiar procedural circumstances, we conclude the interest of
justice requires our consideration of the trial court’s order that appellant
pay attorney’s fees, though the order is not assigned as error.