NO. 07-08-0327-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MARCH 11, 2009
_____

GILBERT ALEXANDER PEREZ,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 57006-A; HON. HAL MINER, PRESIDING
_____

***Opinion***
_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Gilbert Alexander Perez was convicted after a guilty plea of delivery of a controlled substance (methamphetamine) in an amount of one gram or more but less than four grams. Punishment was tried to the court, and appellant was sentenced to 25 years confinement and ordered to pay attorney's fees in an amount of $1,250. He appeals that sentence by contending 1) that it is grossly disproportionate to the offense, 2) the record does not contain evidence of how the amount of attorney's fees was calculated, and 3)

there is no evidence that he had the ability to pay the attorney's fees. We reform the judgment and, as reformed, affirm it.

*Sentence*

First, appellant argues that the 25-year sentence imposed on him is grossly disproportionate to the offense of delivery of a very small amount of methamphetamine. Yet, he did not so object to his sentence below. The failure to do so waives any error. *Rhoades v. State,* 934 S.W.2d 113, 120 (Tex. Crim. App. 1996); *Jacoby v. State,* 227 S.W.3d 128, 130 (Tex. App.–Houston [1st Dist.] 2006, pet. ref'd); *Jacobs v. State,* 80 S.W.3d 631, 632-33 (Tex. App.–Tyler 2002, no pet.).

Even if not waived, we would compare the gravity of the current offense as well as the gravity of the offenses underlying any prior convictions against the severity of the sentence. *McGruder v. Puckett,* 954 F.2d 313, 316 (5th Cir. 1992); *Winchester v. State,* 246 S.W.3d 386, 389 (Tex. App.–Amarillo 2008, pet. ref'd). Appellant's previous offenses include burglary of a habitation, assault, burglary of a vehicle twice, evading detention, possession of marijuana, unauthorized use of a motor vehicle, unauthorized absence from a correction facility, failure to identify, and possession of a controlled substance. These offenses occurred from 1997 through 2007. Appellant admitted at the punishment hearing that he had used drugs for the last 16 or 17 years and had sold drugs on probably more than a hundred occasions. Given these facts and the fact that the applicable range of punishment was from five years to 99 years or life, we conclude that the decision to levy only a 25-year sentence was not grossly disproportionate to the crime committed. Appellant's first issue is overruled.

*Assessment of Attorney's Fees*

Next, appellant argues that the trial court erred in ordering him to pay costs which included attorney's fees. This is so because nothing of record illustrates how the trial court derived the amount of fees assessed. Nor does the record illustrate that appellant can pay any fees. We sustain the issue.

The trial court's judgment merely stated that the State of Texas should "recover of the defendant all costs in this proceeding incurred, as set in the <u>Bill of Costs</u> attached hereto . . . ." The bill of costs shows attorney's fees in the amount of $1,250 without any explanation of how that sum was derived. Nor is there of record an itemized statement from counsel illustrating the number of hours worked or what sum would constitute a reasonable fee under the circumstances.

Article 26.05 of the Code of Criminal Procedure provides:

> If the court determines that a defendant has financial resources that enable him to offset in part or in whole the costs of the legal services provided, including any expenses and costs, the court shall order the defendant to pay during the pendency of the charges or, if convicted, as court costs the amount that it finds the defendant is able to pay.

TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (Vernon Supp. 2008). A fair and plain reading of the statute leads us to conclude that there must be some factual basis illustrating not only that the accused is capable of paying an attorney's fee but also that he can pay the fee levied. Yet, none is present in the record before us. Indeed, the only data touching upon the topic appears to be the form appellant completed to secure a court-appointed attorney, and that form showed him to be unemployed and living with a relative. Therefore, no evidentiary basis exists supporting the trial court's decision to levy any fees upon appellant.

For these reasons, the judgment is reformed to delete the requirement that appellant pay attorney's fees.[1]  In all other respects, it is affirmed.


Brian Quinn
Chief Justice


Publish.

---

[1]The State concedes that the appropriate remedy would be to delete from the judgment the obligation to pay an attorney's fee.