NO. 07-10-0090-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

NOVEMBER 16, 2010
_____

JASMAN EDWARD WILLIAMS,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 242nd DISTRICT COURT OF SWISHER COUNTY;

NO. B 4215-08-10; HON. ED SELF, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Jasman Edward Williams (appellant) pled guilty to forgery and was placed on deferred adjudication probation for three years. Subsequently, the State filed to adjudicate appellant guilty and a hearing was held. The trial court did find that appellant had violated conditions of probation and rendered a judgment adjudicating appellant guilty. Furthermore, the trial court found that appellant was "able to pay attorney's fees

and order[ed] [appellant] to pay attorney's fees in the amount of $500.00." Appellant appeals that order. As modified, we affirm.

Appellant contends that the trial court erred in ordering him to pay $500 in attorney's fees. This is so, according to appellant, because the evidence at the adjudication hearing showed that at the time of the hearing he had only been employed two or three weeks, that he was behind on his financial obligations to probation and nothing of record showed he had the ability to pay for his court appointed attorney. Therefore, the evidence was insufficient to support the trial court's order. The State agrees with appellant and requests that we reform the judgment to "delete the order requiring Appellant to pay $500.00 for attorney's fees."

In order to assess attorney's fees, the trial court must first determine that the defendant has financial resources that enable him to offset in part or in whole the cost of the legal services provided. TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (Vernon 2009). And the record must reflect some factual basis to support the determination that the defendant is capable of paying attorney's fees. *Barrera v. State*, 291 S.W.3d 515, 518 (Tex. App.–Amarillo 2009, no pet.) (per curiam); *Perez v. State*, 280 S.W.3d 886, 887 (Tex. App.–Amarillo 2009, no pet.).

Here, even though the trial court's judgment finds that appellant has the ability to pay $500 in attorney's fees, nothing of record supports this finding. Therefore, we find that the order to pay attorney's fees is improper because the evidence is legally insufficient to support the finding.

2

Accordingly, we sustain the issue, modify the judgment to delete the passage directing appellant to pay an attorney's fee of $500, and affirm the judgment as modified.

Brian Quinn
Chief Justice

Do not publish.