NO. 07-10-0072-CR

 IN THE COURT OF APPEALS

 FOR THE SEVENTH DISTRICT OF TEXAS

 AT AMARILLO

 PANEL D

 NOVEMBER 22, 2010

 ______________________________

 ELISEO RENE ZAMBRANO, APPELLANT

 V.

 THE STATE OF TEXAS, APPELLEE

 _________________________________

 FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

 NO. B18071-0906; HONORABLE EDWARD LEE SELF, JUDGE

 _______________________________

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

 CONCURRING OPINION

 While I agree with the conclusion reached by the majority, I write
separately to address an issue not raised by Appellant regarding the
assessment of attorney's fees.[1] The written judgment in this case orders
the defendant to pay attorney's fees in the amount of $1,200. In order to
assess attorney's fees, a trial court must determine that the defendant has
financial resources that enable him to offset in part or in whole the costs
of legal services provided. Tex. Code Crim. Proc. Ann. art. 26.05(g)
(Vernon 2009). Furthermore, the record must reflect some factual basis to
support the determination that the defendant is capable of paying
attorney's fees. Barrera v. State, 291 S.W.3d 515, 518 (Tex.App.--Amarillo
2009, no pet.); Perez v. State, 280 S.W.3d 886, 887 (Tex.App.--Amarillo
2009, no pet.).

 We are unable to find any evidence that would support a finding that
Appellant had financial resources that would enable him to pay all or any
part of the fees paid his court-appointed counsel. Therefore, we conclude
that the order to pay attorney's fees was improper. See Mayer v. State,
309 S.W.3d 552, 555-56 (Tex.Crim.App. 2010). No trial objection is
required to challenge the sufficiency of the evidence regarding the
defendant's ability to pay. Id. When the evidence does not support an
order to pay attorney's fees, the proper remedy is to delete the order.
Id. at 557; See also Anderson v. State, No. 03-09-00630-CR, 2010 Tex.App.
LEXIS 5033, at *9 (Tex.App.--Austin July 1, 2010, no pet.) (also modifying
judgment to delete attorney's fees). Accordingly, I would modify the
judgment to delete the order to pay attorney's fees, and affirm the
judgment as modified
 Patrick A. Pirtle
 Justice

Do not publish.
-----------------------
[1]Courts of appeals may review unassigned error in criminal cases,
particularly where the record discloses error that should be addressed in
the interest of justice. Hammock v. State, 211 S.W.3d 874, 878 (Tex.App.--
Texarkana 2006, no pet.). Where, as here, the error appears on the face of
the judgment, does not involve the merits of the trial, and is easily
corrected by modifying the judgment, I believe that the interest of justice
dictates that we address the issue.