NO. 07-10-0072-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

NOVEMBER 22, 2010

_____

ELISEO RENE ZAMBRANO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B18071-0906; HONORABLE EDWARD LEE SELF, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**CONCURRING OPINION**

While I agree with the conclusion reached by the majority, I write separately to

address an issue not raised by Appellant regarding the assessment of attorney's fees.[1]

The written judgment in this case orders the defendant to pay attorney's fees in the

---

[1]Courts of appeals *may* review unassigned error in criminal cases, particularly where the record discloses error that should be addressed in the interest of justice. *Hammock v. State,* 211 S.W.3d 874, 878 (Tex.App.--Texarkana 2006, no pet.). Where, as here, the error appears on the face of the judgment, does not involve the merits of the trial, and is easily corrected by modifying the judgment, I believe that the interest of justice dictates that we address the issue.

amount of $1,200. In order to assess attorney's fees, a trial court must determine that the defendant has financial resources that enable him to offset in part or in whole the costs of legal services provided. Tex. Code Crim. Proc. Ann. art. 26.05(g) (Vernon 2009). Furthermore, the record must reflect some factual basis to support the determination that the defendant is capable of paying attorney's fees. *Barrera v. State,* 291 S.W.3d 515, 518 (Tex.App.--Amarillo 2009, no pet.); *Perez v. State,* 280 S.W.3d 886, 887 (Tex.App.--Amarillo 2009, no pet.).

We are unable to find any evidence that would support a finding that Appellant had financial resources that would enable him to pay all or any part of the fees paid his court-appointed counsel. Therefore, we conclude that the order to pay attorney's fees was improper. *See Mayer v. State,* 309 S.W.3d 552, 555-56 (Tex.Crim.App. 2010). No trial objection is required to challenge the sufficiency of the evidence regarding the defendant's ability to pay. *Id.* When the evidence does not support an order to pay attorney's fees, the proper remedy is to delete the order. *Id.* at 557*; See also Anderson v. State,* No. 03-09-00630-CR, 2010 Tex.App. LEXIS 5033, at *9 (Tex.App.--Austin July 1, 2010, no pet.) (also modifying judgment to delete attorney's fees). Accordingly, I would modify the judgment to delete the order to pay attorney's fees, and affirm the judgment as modified

Patrick A. Pirtle
Justice

Do not publish.

2