NO. 07-10-0347-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

OCTOBER 25, 2011

_____

GREGORY WAYNE WILSON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 57,774-E; HONORABLE DOUGLAS WOODBURN, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Gregory Wayne Wilson, was convicted by a jury for possession of a controlled substance[1] enhanced by two prior state jail felonies[2] and assessed punishment at ten years confinement and a $7,500 fine. In a single point of error,

---

[1]*See* Tex. Health & Safety Code Ann. § 481.115(b) (West 2010). An offense under this section is a state jail felony. Throughout the remainder of this opinion, provisions of the Texas Health and Safety Code will be cited as "section ___" and/or "§ ___."

[2]*See* Tex. Penal Code Ann. § 12.42(a)(1) (West 2011). If it is shown on the trial of a state jail felony that a defendant has previously been convicted of two state jail felonies, on conviction the defendant shall be punished for a third-degree felony.

Appellant contends the State's evidence was legally insufficient to establish that Appellant intentionally and knowingly possessed a controlled substance. We modify the trial court's judgment to clarify that payment of $2,200 in court-appointed attorney's fees is not a part of the court costs ordered in the case and affirm the judgment as modified.

## Background

On July 10, 2008, a Potter County Grand Jury returned an indictment alleging that, on or about April 26, 2008, Appellant intentionally or knowingly possessed a controlled substance, cocaine, in an amount of less than one gram by aggregate weight including any adulterants and dilutants.

On August 2 and 3, 2010, a jury trial was held. Rudolph Moreno testified he went to Appellant's house to buy crack cocaine. Appellant told Moreno that he did not have any cocaine at his residence but he could buy some elsewhere. Moreno gave Appellant twenty dollars and the keys to his car so that Appellant could go and purchase the cocaine. Moreno testified there were no drugs, drug paraphernalia or passengers in his car when he lent it to Appellant.

Officer Will Dempsey of the Amarillo Police Department ("APD") testified that, on April 26, 2008, he was answering service calls and attempting to make traffic stops of vehicles leaving known narcotics houses. Officer Dempsey was in the area of 602 North Washington Street[3] when he spotted Moreno's car parked in the driveway. The car backed out of the driveway and he followed. When the car exceeded the speed

---

[3]Officer Dempsey had received information that residents were selling narcotics out of this house. APD officers had made traffic stops of other vehicles leaving the house and found narcotics on occupants thereof.

limit, he turned on his overhead lights and stopped the car. As he approached the car, he observed Appellant and a passenger. Because he had stopped Appellant several times before and written him tickets, Dempsey's supervisor had given him permission to arrest Appellant on sight for driving without a license. He arrested Appellant, handcuffed him and placed him in the back of his patrol car. Before placing him in the backseat, he patted Appellant down and found nothing. Having determined the car was owned by Moreno, Officer Dempsey called for a wrecker to impound the car.[4]

APD Officer Thomas Newton testified that he arrived after Officer Dempsey had initiated the traffic stop and witnessed Officer Dempsey escort Appellant to his patrol car. Officer Newton then approached the passenger and removed her from the car.[5] While Officer Dempsey was finishing his paperwork on the arrest and impoundment, Officer Newton conducted an inventory search incident to impoundment. From the outside of the car, he observed a white rock on the floorboard of the car on the driver's side. He believed the white rock was cocaine. Upon closer examination of the area surrounding the white rock, he discovered small pieces of Brillo[6] imbedded in the car's carpet. He testified that, based on his experience, the white rock was the size of a

---

[4]Prior to impounding a car, Officer Dempsey testified police procedure required that a vehicle slip be filled out with a description of everything found in the vehicle. He testified that the inventory lists everything in the car so that, if it is broken into at the impound lot, the owner cannot allege that something was missing when the item was not in the car to begin with.

[5]The passenger was not arrested. She told Officer Newton that she was attempting to persuade Appellant to take her to the hospital; however, when Officer Newton offered to call an ambulance or take her to the hospital himself, she refused.

[6]Officer Newton testified that Brillo was often used as a filter when smoking crack cocaine. Upon further inspection, Officer Newton also found Brillo fragments on the car seats in the front and rear of the car.

twenty dollar rock of cocaine – a typical unit dosage for a user.[7]   Judging from its appearance, he testified the rock had recently been placed there.

At the trial's conclusion, the jury found Appellant "guilty" and also found the two enhancement paragraphs in the indictment "true."  The trial court subsequently issued its judgment wherein Appellant was sentenced to ten years confinement and fined $7,500.  In its judgment, the trial court also ordered payment of court costs.  The attached Bill of Costs included court-appointed attorney's fees of $2,200 as a part of those costs.

## Discussion

Even though Appellant was driving and exercising care, custody, control and management over the car where the cocaine was found, Appellant asserts the State's evidence was insufficient to establish he knew the white rock laying on the car's floorboard was there, much less that he knew it was a controlled substance.  Appellant also asserts the State's evidence is insufficient because (1) there was a third-party present who could have possessed the cocaine, and (2) there was some evidence that Appellant did not have any cocaine on his person when he left his residence and he never made a stop prior to being pulled over by Officer Dempsey.

### I.    Legal Sufficiency

The only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense the State is

_____

[7]Brandon Conrad, manager of the Texas Department of Public Safety Crime Laboratory, testified that he tested the rock and determined it to be crack cocaine.

required to prove beyond a reasonable doubt is the standard set forth in *Jackson v. Virginia*, 443 U.S. 307, 33 S.Ct. 2781, 61 L.Ed.2d 560 (1979). *See Brooks v. State*, 323 S.W.3d 893, 912 (Tex.Crim.App. 2010). Under that standard, in assessing the sufficiency of the evidence to support a criminal conviction, this Court considers all the evidence in the light most favorable to the verdict and determines whether, based on that evidence and reasonable inferences to be drawn therefrom, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Jackson,* 443 U.S. at 319; *Brooks,* 323 S.W.2d at 912. This standard gives full play to the responsibility of the trier of fact to resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson,* 443 U.S. at 319. *See Hooper v. State,* 214 S.W.3d 9, 15 (Tex.Crim.App. 2007).

Further, the trier of fact is the sole judge of the weight of the evidence and credibility of the witnesses; Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979); *Margraves v. State,* 34 S.W.3d 912, 919 (Tex.Crim.App. 2000), and we may not re-evaluate the weight and credibility determinations made by the factfinder. *Dewberry v. State,* 4 S.W.3d 735, 740 (Tex.Crim.App. 1999). Reconciliation of conflicts in the testimony is within the exclusive province of the jury, *Losada v. State,* 721 S.W.2d 305, 309 (Tex.Crim.App. 1986), and a jury may choose to believe some, all, or none of the testimony presented. *Id.* Thus, we resolve any inconsistencies in the evidence in favor of the verdict. *Curry v. State,* 30 S.W.3d 394, 406 (Tex.Crim.App. 2000).

## A. Possession of a Controlled Substance

To support the verdict rendered in this case, the State was required to prove that Appellant knowingly possessed a controlled substance, cocaine, in an amount of less than one gram. To prove *possession,* the State was required to show that Appellant (1) exercised "actual care, custody, control, or management" of the substance and (2) knew the matter possessed was contraband. *See* § 481.115(b). *See also Poindexter v. State,* 153 S.W.3d 402, 405-06 (Tex.Crim.App. 2005).

Where, as here, the accused does not have actual possession of the controlled substance or exclusive possession of the locale where the controlled substance was found, it cannot be concluded or presumed that the accused had possession over the contraband unless there are independent facts or circumstances that tend to connect or link[8] the accused to the knowing possession of the contraband. *Poindexter*, 153 S.W.3d at 406; *Evans v. State*, 202 S.W.3d 158, 161-62 (Tex.Crim.App. 2006).

Numerous nonexclusive factors have been recognized as contributing to an evaluation of whether an accused is linked to the contraband. *See Triplett v. State,* 292 S.W.3d 205, 208 (Tex.App.—Amarillo 2009, pet. ref'd). Those links include, but are not limited to: (1) whether the contraband was in plain view or recovered from an enclosed place or container; (2) whether the defendant was the owner of the premises or had the right to possess or control the place where the contraband was found; (3) whether the contraband was conveniently accessible to the defendant; (4) whether the defendant

---

[8]A link is a fact or circumstance which generates a reasonable inference that the defendant knew of the contraband's existence and exercised control over it. *Lair v. State*, 265 S.W.3d 580, 600 (Tex.App.—Houston [1st Dist.] 2008, pet. ref'd). The evidence demonstrating such links may be direct or circumstantial. *Brown v. State*, 911 S.W.2d 744, 747 (Tex.Crim.App. 1995).

had a special connection with the contraband; and (5) whether any forensic evidence (e.g., fingerprints, DNA, etc.) connects the defendant to the contraband and its container; *see id.*; *Evans*, 202 S.W.3d at 162 n.12; (6) whether the defendant was present when the search was conducted; (7) whether the defendant possessed other contraband or narcotics when arrested; (8) whether the defendant made incriminating statements when arrested; (9) whether the defendant attempted to flee; (10) whether other contraband or drug paraphernalia were present; (11) whether the defendant was found with a large amount of cash; and (12) whether the conduct of the defendant indicated a consciousness of guilt. *Figueroa v. State*, 250 S.W.3d 490, 500 (Tex.App.--Austin 2008, pet. ref'd), *cert. denied,* ___ U.S. ___, 129 S.Ct. 1340, 173 L.Ed.2d 609 (2009) (citing *Brown v. State*, 911 S.W.2d 744, 745 (Tex.Crim.App. 1995)).

There is no set formula that an appellate court can use to determine if there are sufficient links to support an inference of knowing possession of drugs. *Taylor v. State*, 106 S.W.3d 827, 831 (Tex.App.—Dallas 2003, no pet.). Each case must be reviewed according to its own facts on a case-by-case basis; *Roberson v. State*, 80 S.W.3d 730, 736 (Tex.App.—Houston [1st Dist.] 2002, pet. ref'd), and the number of links is not as important as the combined logical force of all the evidence tending to link the accused to the contraband. *Evans*, 202 S.W.3d at 162, 166.

## B. Analysis

Viewing the evidence in a light most favorable to the verdict, the evidence at trial established at least five of the thirteen links listed above. Moreno went to Appellant's house looking to purchase cocaine. Appellant informed Moreno that he did not have the

cocaine on hand and needed to purchase the cocaine elsewhere. Appellant then borrowed Moreno's car and was given twenty dollars to purchase cocaine. Moreno testified that, when Appellant left, the car contained no drugs and there was no passenger. Later, Officer Dempsey spotted Appellant leaving another residence that was a known narcotics house. After Appellant was stopped, Officer Dempsey searched Appellant but did not find the twenty dollars intended for the cocaine purchase. When Officer Newton conducted his inventory search of the car, however, he discovered cocaine, in plain view, in an area of the car that was conveniently accessible to Appellant who was present and the cocaine appeared to have been recently placed on the floorboard. Further, the cocaine and the floorboard were located on the driver's side of the car. Officer Newton also testified that the cocaine was a twenty dollar rock – an amount typically sufficient for a single dose. These circumstances tend to connect Appellant to the knowing possession of the cocaine.

Accordingly, we cannot say that the evidence is so weak that it insufficiently links Appellant to the cocaine, or that it fails to establish, to the requisite level of confidence, that a rational trier of fact could have found Appellant knowingly possessed a controlled substance, to-wit: cocaine, beyond a reasonable doubt. Appellant's issue is overruled.

## II. Court-appointed Attorney's Fees

We also note an issue not raised by Appellant regarding the assessment of attorney's fees.[9] The written judgment in this case reflects an assessment of court-appointed attorney's fees totaling $2,200, as court costs. In order to assess attorney's fees as court costs, a trial court must determine that the defendant has financial resources that enable him to offset in part, or in whole, the costs of the legal services provided. Tex. Code Crim. Proc. Ann. art. 26.05(g) (West 2009). Here, the clerk's record reflects the trial court found Appellant indigent and unable to afford the cost of legal representation before trial in April 2008, and after trial in August 2010. Unless a material change in his financial resources occurs, once a criminal defendant has been found to be indigent, he or she is presumed to remain indigent for the remainder of the proceedings. Tex. Code Crim. Proc. Ann. art. 26.04(p) (West Supp. 2010). Therefore, because there is evidence of record demonstrating that immediately following rendition of judgment Appellant was indigent and qualified for court-appointed counsel, we presume his financial status had not changed, i.e., that he was indigent at the time the trial court entered judgment.

Furthermore, the record must reflect some factual basis to support the determination that the defendant is capable of paying attorney's fees. *Perez v. State,* 323 S.W.3d 298, 307 (Tex.App.—Amarillo 2010, pet. ref'd). *See Barrera v. State,* 291 S.W.3d 515, 518 Amarillo 2009, no pet.); *Perez v. State,* 280 S.W.3d 886, 887

---

[9]Courts of appeals may review unassigned error in criminal cases, particularly where the record discloses error that should be addressed in the interest of justice. *Hammock v. State,* 211 S.W.3d 874, 878 (Tex.App.—Texarkana 2006, no pet.). Where, as here, the error appears on the face of the judgment and does not involve the merits of the criminal trial, but instead solely addresses the clerical correctness of the judgment, we find that the interest of justice allows us to address the issue. *Perez v. State,* 323 S.W.3d 298, 307 (Tex.App.—Amarillo 2010, pet. ref'd).

(Tex.App.—Amarillo 2009, no pet.). We note that the record in this case does not contain a pronouncement, determination, or finding that Appellant had financial resources that enable him to pay all, or any part of, the fees paid his court-appointed counsel, and we are unable to find any evidence to support such a determination. Therefore, we conclude that the order to pay attorney's fees was improper. *See Mayer v. State*, 309 S.W.3d 552, 555-56 (Tex.Crim.App. 2010). No trial objection is required to challenge the sufficiency of the evidence regarding the defendant's ability to pay. *Id.* When the evidence does not support an order to pay attorney's fees, the proper remedy is to delete the order from the judgment. *Id.* at 557. *See also Anderson v. State*, No. 03-09-00630-CR, 2010 Tex. App. LEXIS 5033, at *9 (Tex.App.—Austin, July 1, 2010, no pet.) (not designated for publication) (modifying judgment to delete court-appointed attorney's fees). Accordingly, we modify the judgment to delete the order to pay attorney's fees.

## Conclusion

Having modified the trial court's judgment to delete the order obligating Appellant to pay $2,200 in court-appointed attorney's fees, the judgment, as modified, is affirmed.


Patrick A. Pirtle
Justice


Do not publish.

10