NO. 07-10-0099-CR

 IN THE COURT OF APPEALS

 FOR THE SEVENTH DISTRICT OF TEXAS

 AT AMARILLO

 PANEL A

 DECEMBER 16, 2011
 ______________________________

 MICHAEL TAYLOR, APPELLANT

 V.

 THE STATE OF TEXAS, APPELLEE

 _________________________________

 FROM THE 364[TH] DISTRICT COURT OF LUBBOCK COUNTY;

 NO. 2010-426,358; HONORABLE BRAD UNDERWOOD, JUDGE

 _______________________________

Before CAMPBELL and HANCOCK and PIRTLE, JJ.
 MEMORANDUM OPINION
 Appellant, Michael Taylor, was convicted by a jury of aggravated assault with a deadly weapon and assessed punishment at twenty years confinement. He asserts the trial court erred by: (1) overruling his objection to a photograph that he considered unfairly prejudicial and (2) permitting a witness to testify when, prior to trial, the witness had given two sworn statements to police officers that were contradictory. We modify the trial court's written judgment to correct the "Offense for which Defendant Convicted" and "Statute for Offense" and to further clarify that payment of $10,006.50 in court-appointed attorney's fees is not a part of the court costs ordered in the case, and we affirm the judgment as modified. 
 Background
 An indictment was returned alleging that, on or before May 9, 2009, Appellant committed the offense of aggravated assault by intentionally, knowingly, or recklessly causing bodily injury to Danny Mahaffey by striking him, and that during the commission of that offense Appellant used or exhibited a deadly weapon, to-wit: his hand and foot. In February 2010, a three day trial was held. The evidence at trial showed that Appellant and a second assailant hit, kicked, and stomped Mahaffey's head and body causing serious bodily injury including physical impairment.
 At the trial's conclusion, the jury convicted Appellant of aggravated assault with a deadly weapon and sentenced him to twenty years confinement. In its Judgment of Conviction By Jury, the trial court recited the "Offense for which Defendant Convicted" to be "Aggravated Assault w/Deadly Weapon-SBI" and the "Statute for Offense" to be § 22.02(a)(1), and it assessed court costs of $10,315.50, $10,006.50 of which were for court-appointed attorney's fees. This appeal followed. 

 Discussion
 Appellant asserts the trial court erred in admitting a photograph of him in a white, sleeveless T-shirt taken several days after the beating occurred because an assailant in a surveillance video of the assault was also wearing a white sleeveless T-shirt. Appellant contends he was unfairly prejudiced because the jury might conclude he was involved in the assault merely because his clothing in the subsequent photograph was similar to an assailant's clothing in the video. Appellant also contends the trial court erred by permitting Mekala Taylor to testify to the events she observed when the assault was taking place because she had previously given police officers inconsistent statements. 
 Standard of Review -- Evidentiary Error
 Because trial courts are in the best position to decide substantive admissibility questions, we review a trial court's decision to admit or exclude evidence for abuse of discretion; Page v. State, 213 S.W.3d 332, 337 (Tex.Crim.App. 2006), and "will uphold a trial court's ruling on admissibility of evidence as long as the trial court's ruling was at least within the zone of reasonable disagreement." Id. See Hernandez v. State, 205 S.W.3d 555, 558 (Tex.App.--Amarillo 2006, pet. ref'd). 
 In assessing harm for an evidentiary error, we review whether the error could have affected Appellant's substantial rights. See Tex. R. App. P. 44.2(b); Solomon v. State, 49 S.W.3d 356, 365 (Tex.Crim.App. 2001). A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict. Coble v. State, 330 S.W.3d 253, 280 (Tex.Crim.App. 2010), cert. denied, ___ U.S. ___, 131 S.Ct. 3030, 180 L.Ed.2d 846 (2011). Conversely, an error does not affect a substantial right if we have "fair assurance that the error did not influence the jury, or had but a slight effect." Solomon, 49 S.W.3d at 365. In making a harm analysis, we examine the entire record and calculate, as much as possible, the probable impact of the error upon the rest of the evidence. Morales v. State, 32 S.W.3d 862, 867 (Tex.Crim.App. 2000). 
 First Point of Error
 Assuming without deciding that the trial court erred in the admission of the photograph, we find that the error did not have a substantial or injurious effect or influence on the jury's verdict. Appellant asserts that the harm suffered from the admission of the photograph is evidenced by the jury's specific reference to the photograph and a potential deadlock in two jury notes. While the jurors were deliberating, they submitted Jury Note #3 asking the trial court for the date when the contested photograph at issue was taken. The trial court responded that "the information you have requested was not introduced into evidence and is therefore not available." Later during their deliberations, the jury submitted Jury Note #7 indicating they "seem[ed] to be deadlocked 11-1 that the defendant Michael Taylor was at the scene of the crime," and asked the trial court's advice. 
 The jury charge expressly instructed the jury that they could "consider only the guilt or innocence of the defendant from the evidence admitted before you . . . ." (Emphasis added). The jury was also instructed that "it is only from the witness stand that the jury is permitted to receive evidence regarding the case" and "[i]n deliberating on the cause you are not to refer to or discuss any matter or issue not in evidence before you . . . ." (Emphasis added). 
 In evaluating jury instructions, both oral and written, juries are "presumed to follow the trial court's instructions in the manner presented." Walker v. State, 300 S.W.3d 836, 850 (Tex.App. -- Fort Worth 2009, pet. ref'd) (quoting Kirk v. State, 199 S.W.3d 467, 479 (Tex.App. -- Fort Worth 2006, pet. ref'd). See Williams v. State, 937 S.W.2d 479, 490 (Tex.Crim.App. 1996) ("we assume that the jury would follow the instructions as given"). Courts will abandon this presumption only if there is evidence showing that the jury did not follow the instructions. Id. 
 Appellant has presented no evidence to indicate that the jury abandoned the trial court's charge and unduly considered any temporal relationship between the photograph and the video. That the jury indicated to the trial court in Jury Note #7 that they were potentially deadlocked on the issue of whether Appellant was present at the scene of the crime merely indicates that, after reviewing all the evidence presented at trial, including those items specifically requested in other jury notes, the jury might have been deadlocked.
 In addition, there was testimony from three eyewitnesses to the assault who identified Appellant as an assailant and two detectives who testified that, as a result of their investigation, Appellant was identified as one of the assailants in a surveillance video taken at the scene of the assault. Notwithstanding the fact that Appellant's counsel ably sought to discredit and impeach the testimony of the three eyewitnesses during cross-examination, the jury is the sole judge of the weight of the evidence and the credibility of witnesses. Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979); Margraves v. State, 34 S.W.3d 912, 919 (Tex.Crim.App. 2000) (jurors may choose to believe some testimony and disbelieve other testimony). We may not re-evaluate the weight and credibility determination made by the fact-finder; Dewberry v. State, 4 S.W.3d 735, 740 (Tex.Crim.App. 1999), and must resolve inconsistencies in the evidence in favor of the verdict. Curry v. State, 30 S.W.3d 394, 406 (Tex.Crim.App. 2000) (citing Moreno v. State, 755 S.W.2d 866, 867 (Tex.Crim.App. 1988)).
 Accordingly, we find the trial court's error, if any, in admitting the photograph had no effect on the jury's verdict due to the contents of the jury charge coupled with the trial court's answer to Jury Note #3, and that the record evidence was not so evenly balanced on the issue of whether Appellant was present at the crime scene as to create any "grave doubt" whether the jury's verdict was free from any substantial influence of the error. See Burnett v. State, 88 S.W.3d 633, 637-38 (Tex.Crim.App. 2002). Appellant's first point of error is overruled. 
 Second Point of Error
 Appellant also contends the trial court erred by permitting Mekala Taylor to give her eyewitness account of the assault because, prior to trial, she gave a sworn statement to law enforcement that Appellant was not involved in the assault and then, after viewing the surveillance video, gave a second sworn statement indicating that she had lied in the first statement and Appellant was one of two assailants involved in the assault. In support, he asserts her testimony at trial should have been excluded because the State violated article 38.23 of the Texas Code of Criminal Procedure by permitting her to commit perjury at trial. At trial, Mekala's testimony, considered in a light most favorable to the verdict, was that her second statement was given to law enforcement after she watched the surveillance video which contained footage of her, Appellant and another assailant. An officer transcribed her oral account of what occurred in the video. Afterwards, she signed the statement.
 Appellant's argument distilled to its essence is that, when Mekala gave two mutually exclusive statements to police prior to trial, she committed perjury and, by permitting her to testify to one of the statements at trial, she was committing perjury again because, regardless of what her testimony would be, it had to contradict or be inconsistent with one of the two prior sworn statements. The flaw in Appellant's argument is that, by his own account, one of the two statements given prior to trial had to be true while the other had to be false. At trial, Mekala agreed with Appellant's counsel that she was there just to answer questions truthfully and honestly. In addition, when asked by the trial court, the State responded that they believed she was going to testify truthfully on the witness stand and, based upon the jury's verdict, they must have found her testimony truthful. 
 In addition, Appellant cites to no rule of evidence that would prevent Mekala from testifying to a statement at trial that was inconsistent with a statement made before trial. Rather, the Texas Rules of Evidence assume that such testimony is admissible and the witness "must be afforded an opportunity to explain or deny such statement." See Tex. R. Evid. 613(a). Neither does Appellant cite a single law that the State violated by examining Mekala in its case-in-chief. If perjury was committed, it would have occurred when she signed one of her two inconsistent statements prior to trial. At trial, the State represented to the trial court that they believed she would testify truthfully. And, during her testimony, she adopted her second statement which was consistent with the events contained on surveillance video and described in the testimony of Menton, Craft, Detectives Williams and Lindley. Moreover, that Mekala made two prior inconsistent statements before trial, equivocated at trial to some extent and was somewhat inconsistent in her present recollection of past events goes to the weight and credibility of her testimony, issues which, as stated earlier in this opinion, we may not re-evaluate. Dewberry, 4 S.W.3d at 740. All inconsistencies in the evidence must be resolved in favor of the verdict. Curry, 30 S.W.3d at 406.
 Accordingly, we find the trial court did not abuse its discretion by permitting Mekala to testify regarding her two sworn statements made to law enforcement prior to trial because, at the very least, the trial court's ruling was within the zone of reasonable disagreement. See Page, 213 S.W.3d at 337; Hernandez, 205 S.W.3d at 558. Appellant's second point of error is overruled.
 Judgment of Conviction and Court-appointed Attorney's Fees
We also note two issues not raised by Appellant regarding the judgment of conviction and the assessment of court-appointed attorney's fees. While the written judgment reflects the "Offense for which Defendant Convicted" to be "Aggravated Assault w/Deadly Weapon-SBI" and the "Statute for Offense" to be §22.02(a)(1) (assault causing serious bodily injury), the undisputed record reflects that the jury convicted Appellant of aggravated assault pursuant to § 22.02(a)(2) (use or exhibition of a deadly weapon during the commission of an assault). Therefore, we modify the trial court's judgment to reflect the correct offense and statutory basis for conviction. 
Furthermore, the judgment reflects an assessment of court-appointed attorney's fees totaling $10,006.50 as costs of court. In order to assess attorney's fees as court costs, a trial court must determine that the defendant has financial resources that enable him to offset in part, or in whole, the costs of the legal services provided. Tex. Code Crim. Proc. Ann. art. 26.05(g) (West 2009). Here, the clerk's record reflects the trial court found Appellant indigent and unable to afford the cost of legal representation and appointed an attorney to defend him in the trial court's proceedings. Unless a material change in his financial resources occurs, once a criminal defendant has been found to be indigent, he or she is presumed to remain indigent. Tex. Code Crim. Proc. Ann. art. 26.04(p) (West Supp. 2011). Therefore, because there is evidence of record demonstrating that Appellant was indigent and qualified for court-appointed counsel, we presume his financial status has not changed. 
Furthermore, the record must reflect some factual basis to support the determination that the defendant is capable of repaying court-appointed attorney's fees. Perez v. State, 323 S.W.3d 298, 307 (Tex.App. -- Amarillo 2010, pet. ref'd). See Barrera v. State, 291 S.W.3d 515, 518 Amarillo 2009, no pet.); Perez v. State, 280 S.W.3d 886, 887 (Tex.App. -- Amarillo 2009, no pet.). We note that the record in this case does not contain a pronouncement, determination, or finding that Appellant had financial resources that enable him to pay all, or any part of, the fees paid his court-appointed counsel, and we are unable to find any evidence to support such a determination. Therefore, we conclude that the order to pay attorney's fees was improper. See Mayer v. State, 309 S.W.3d 552, 555-56 (Tex.Crim.App. 2010). No trial objection is required to challenge the sufficiency of the evidence regarding the defendant's ability to pay. Id. When the evidence does not support an order to pay attorney's fees, the proper remedy is to delete the order. Id. at 557. See also Anderson v. State, No. 03-09-00630-CR, 2010 Tex. App. LEXIS 5033, at *9 (Tex.App. -- Austin, July 1, 2010, no pet.) (modifying judgment to delete court-appointed attorney's fees). Accordingly, we modify the judgment to delete the assessment of $10,006.50 in attorney's fees as costs of court.
 Conclusion
 Having modified the trial court's judgment to correct the offense and underlying statutory basis for conviction, and having deleted the order obligating Appellant to repay $10,006.50 in court-appointed attorney's fees, the judgment, as modified, is affirmed. 

 Patrick A. Pirtle
 Justice

Do not publish.