NO. 07-12-0202-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 22, 2012

_____

JOSHUA BARCENES,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 21ST DISTRICT COURT OF BASTROP COUNTY;

NO. 14,661; HONORABLE CHRISTOPHER D. DUGGAN, PRESIDING

_____

*Memorandum Opinion*

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant Joshua Barcenes pled guilty to the offense of burglary of a habitation without benefit of a plea bargain. Punishment was tried to the court which assessed punishment at twelve years confinement. Appellant argues that the punishment is cruel and unusual in violation of the Eighth Amendment. We disagree and affirm the judgment.

Burglary of a habitation is a second degree felony. TEX. PENAL CODE ANN. §30.02(c)(2) (West 2011). The range of punishment for a second degree felony is a

term of not more than twenty years or less than two years. *Id.* §12.33(a). Generally a punishment that falls within the statutory range, such as this one, is not cruel and unusual. *Ex parte Chavez,* 213 S.W.3d 320, 323-24 (Tex. Crim. App. 2006); *Samuel v. State,* 477 S.W.2d 611, 614 (Tex. Crim. App. 1972); *Winchester v. State,* 246 S.W.3d 386, 388 (Tex. App.–Amarillo 2008, pet. ref'd).

However, there is a narrow exception prohibiting sentences from being greatly disproportionate to the crimes they punish. *See Ewing v. California,* 538 U.S. 11, 20 123 S.Ct. 1179, 1185, 155 L.Ed.2d 108 (2003). In analyzing such claims, we first compare the gravity of the current offense as well as the gravity of the offenses underlying any prior convictions against the severity of the sentence. *McGruder v. Puckett,* 954 F.2d 313, 316 (5th Cir. 1992); *Perez v. State,* 280 S.W.3d 886, 887 (Tex. App.–Amarillo 2009, no pet.). Upon determining that the threshold comparison leads to an inference of gross porportionality, we then compare 1) the challenged sentence against sentences for similar crimes in the same jurisdiction, and 2) the sentences imposed for the same crime in other jurisdictions. *McGruder v. Puckett,* 954 F.2d at 316.

At the time of the current offense, appellant was on deferred adjudication probation for a felony drug offense in Travis County from which he had absconded. He had already failed two drug tests as part of his probation and committed this offense to support his drug habit. He has another prior offense for possession of marijuana for which he served jail time. The pre-sentence investigation report shows that appellant has used drugs since he was thirteen and ingests alcohol, marijuana, cocaine, and

2

crack daily. Although he could live with his mother, he chooses not to do so, is homeless, and has been unemployed for two years.

Appellant broke into a home in the middle of the day to steal items from a house and, as the family was returning home, they noticed the kitchen window broken and someone running out the back door. Their television was unplugged and an X-Box was wrapped up. While it is true that the family was never directly confronted by appellant and no items were actually stolen, the residents are now afraid in their home.

Appellant presented evidence that the sentence for burglary of a habitation for most offenders in Texas is between five and ten years. Given that this sentence is only two years more than the upper end of that range, appellant's prior drug offenses, his disregard for obeying the conditions of his probation, and that the sentence is only slightly over half of the possible statutory punishment, we cannot say that the sentence here is so large as to be grossly disproportionate to the crime. *See Rummel v. Estelle,* 445 U.S. 263, 276-285, 100 S.Ct. 1133, 1140-1145, 63 L.Ed.2d 382 (1980) (finding a life sentence for felony theft of $120.75 by false pretenses, after two other felony convictions involving fraudulent use of a credit card to obtain $80 of goods and passing a forged check in the amount of $28.36 was not grossly disproportionate to the offense).

Accordingly, the issue is overruled, and the judgment is affirmed.


Brian Quinn
Chief Justice

Do not publish.


3