NO. 07-12-0082-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

OCTOBER 2, 2012

_____

DARRELL YOUNG, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2009422933; HONORABLE JOHN J. MCCLENDON III, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Following a plea of not guilty, Appellant, Darrell Young, was convicted by a jury of burglary of a habitation,[1] enhanced. Punishment was assessed at forty-five years confinement. By a sole issue, Appellant challenges the sufficiency of the evidence to sustain the $5,295 assessed for court-appointed attorney's fees. We modify the trial

_____

[1]Tex. Penal Code Ann. § 30.02(c)(2) (West 2011).

court's judgment to delete the special finding of $5,295 owed as part of court costs and as modified, affirm.

## STANDARD OF REVIEW

It is well established that in order to assess court-appointed attorney's fees in a judgment, a trial court must determine that the defendant has financial resources that enable him to offset in part or in whole the costs of legal services provided. *See* TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (WEST SUPP. 2012). *See also Mayer v. State,* 309 S.W.3d 552, 555-56 (Tex.Crim.App. 2010); *Armstrong v. State*, 340 S.W.3d 759, 755-56 (Tex.Crim.App. 2011) (holding that a "defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees"). Furthermore, not only must the trial court make a determination regarding the defendant's ability to pay, the record must reflect some factual basis to support that determination. *Barrera v. State,* 291 S.W.3d 515, 518 (Tex.App.--Amarillo 2009, no pet.); *Perez v. State,* 280 S.W.3d 886, 887 (Tex.App.--Amarillo 2009, no pet.).

## ANALYSIS

Here, the clerk's record reflects the trial court found Appellant to be indigent and appointed counsel to represent him.[2]  Unless a material change in his financial resources occurs, once a criminal defendant has been found to be indigent, he is presumed to remain indigent for the remainder of the proceedings. TEX. CODE CRIM.

---

[2]Although the record reflects that Appellant wished to have a different attorney represent him and stated he would hire his own attorney, the trial court ordered that Charles Chambers remain as his court-appointed counsel.

PROC. ANN. art. 26.04(p) (WEST SUPP. 2012). There is evidence of record demonstrating that Appellant was indigent immediately prior to the award of attorney's fees.

In its brief, the State concedes the trial court erred in ordering reimbursement of court-appointed attorney's fees without first making a determination of ability to pay. We agree and sustain Appellant's sole issue.

## CONCLUSION

The trial court's judgment is modified to delete the special finding of $5,295 owed for court-appointed attorney's fees and as modified, the judgment is affirmed.


Patrick A. Pirtle
Justice


Do not publish.