NO. 07-11-0084-CR
 
 IN THE COURT OF APPEALS

 FOR THE SEVENTH DISTRICT OF TEXAS

 AT AMARILLO

 PANEL C

 MARCH 22, 2012

 ______________________________

 CAROLYN H. SHEPARD, APPELLANT

 V.

 THE STATE OF TEXAS, APPELLEE

 _________________________________

 FROM THE CRIMINAL DISTRICT COURT NO. 3 OF DALLAS COUNTY;
 
 NO. F10-54367-J; HONORABLE GRACIE LEWIS, JUDGE
 _______________________________

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.
 MEMORANDUM OPINION
 Appellant pled guilty in open court to theft of property having a value of less than $1,500 with two previous convictions of theft and was sentenced to one year confinement in a state jail facility, fined $1,500 and assessed court costs of $604. In two points of error, Appellant asserts the trial court (1) erred in assessing court-appointed attorney's fees of $360 as court costs when she was indigent and (2) abused its discretion because her sentence violates the objectives of the penal code. We modify the trial court's judgment to clarify that payment of $360 in court-appointed attorney's fees is not part of the court costs ordered in the case and affirm the judgment as modified.
 Court-Appointed Attorney's Fees
 The written judgment in this case reflects an assessment of court costs totaling $604. The record further reflects that those costs included court-appointed attorney's fees totaling $360. In order to assess attorney's fees as court costs, a trial court must determine that the defendant has financial resources that enable him or her to offset in part, or in whole, the costs of the legal services provided. Tex. Code Crim. Proc. Ann. art. 26.05(g) (West Supp. 2011). Here the record reflects that the trial court found Appellant indigent and unable to afford the cost of legal representation before her plea was entered in July 2010, and after her plea in October 2010. Unless a material change in his or her financial resources occurs, once a criminal defendant has been found to be indigent, he or she is presumed to remain indigent for the remainder of the proceedings. Tex. Code Crim. Proc. Ann. art. 26.04(p) (West Supp. 2011). Therefore, because there is evidence of record demonstrating that both prior to her plea and immediately following rendition of judgment she was indigent and qualified for court-appointed counsel, we presume her financial status had not changed, i.e., that she was indigent at the time the trial court entered judgment. 
 Furthermore, before a trial court can order the reimbursement of court-appointed attorney's fees the record must reflect some factual basis to support the determination that the defendant is capable of paying those fees. See Perez v. State, 323 S.W.3d 298, 307 (Tex.App. -- Amarillo 2010, pet. ref'd). See also Barrera v. State, 291 S.W.3d 515, 518 (Tex.App. -- Amarillo 2009, no pet.); Perez v. State, 280 S.W.3d 886, 887 (Tex.App. -- Amarillo, no pet.). We note that the record in this case does not contain a pronouncement, determination, or finding that Appellant had financial resources that enable her to pay all, or any part of, the fees paid to her court-appointed counsel, and we are unable to find any evidence to support such a determination. Therefore, we conclude, and the State confesses as much, that the order to pay court-appointed attorney's fees was improper. See Mayer v. State, 309 S.W.3d 552, 555-56 (Tex.Crim.App. 2010). When the evidence does not support an order to pay attorney's fees, the proper remedy is to delete the order from the judgment. Id. at 557. See Anderson v. State, No. 03-09-00630-CR, 2010 Tex. App. LEXIS 5033, at *9 (Tex.App. -- Austin, July 1, 2010, no pet.) (not designated for publication). Accordingly, Appellant's first point is sustained and we modify the judgment to delete the order to pay $360 in court-appointed attorney's fees as court costs. 
 Punishment
 Appellant contends the trial court abused its discretion when it sentenced her to one year confinement in a state jail facility rather than placing her on community supervision because the sentence violated one of several primary objectives of the Texas Penal Code. See Tex. Penal Code Ann. § 1.02 (West 2011). Appellant admits in her brief that her sentence is within the statutory range. 
 Appellant cites to no statute or case law permitting any direct action under section 1.02 of the Texas Penal Code related to sentencing or punishment. Accordingly, we interpret Appellant's point as contending that her sentence violated the state constitutional prohibition against cruel and unusual punishment. See Tex. Const. art. I, § 13. 
 In order to preserve for appellate review a complaint that a sentence is grossly disproportionate constituting cruel and unusual punishment, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling requested. Curry v. State, 910 S.W.2d 490, 497 (Tex.Crim.App. 1995) (holding failure to make specific objection at trial waives Eighth Amendment claim of cruel and unusual punishment). Accord Nicholas v. State, 56 S.W.3d 760, 768 (Tex.App. -- Houston [14[th] Dist.] 2001, pet. ref'd); Solis v. State, 945 S.W.2d 300, 301 (Tex.App. -- Houston [1[st] Dist.] 1997, pet. ref'd). Because Appellant failed to make any objection regarding her punishment during the trial court's punishment proceeding or in her motion for new trial, she failed to preserve any error. See Ladd v. State, 3 S.W.3d 547, 564 (Tex.Crim.App. 1999); Rodriquez v. State, 917 S.W.2d 90, 92 (Tex.App. -- Amarillo 1996, pet. ref'd). Appellant's second point is overruled. 
 Conclusion
 Having modified the trial court's judgment to reflect court costs of $244 ($604 - $360), the judgment, as modified, is affirmed.
 Patrick A. Pirtle
 Justice

Do not publish.