NO. 07-11-0084-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MARCH 22, 2012

_____

CAROLYN H. SHEPARD, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE  CRIMINAL DISTRICT COURT NO. 3 OF DALLAS COUNTY;

NO. F10-54367-J; HONORABLE GRACIE LEWIS, JUDGE
_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant pled guilty in open court to theft of property having a value of less than

$1,500 with two previous convictions of theft[1] and was sentenced to one year

confinement  in a state jail facility, fined $1,500 and assessed court costs of $604.   In

two points of error, Appellant asserts the trial court (1) erred in assessing court-

appointed attorney's fees of $360 as court costs when she was indigent and (2) abused

_____

[1]*See* Tex.Penal Code Ann. § 31.03(e)(4)(D) (West 2011).

its discretion because her sentence violates the objectives of the penal code.[2] We modify the trial court's judgment to clarify that payment of $360 in court-appointed attorney's fees is not part of the court costs ordered in the case and affirm the judgment as modified.

## COURT-APPOINTED ATTORNEY'S FEES

The written judgment in this case reflects an assessment of court costs totaling $604. The record further reflects that those costs included court-appointed attorney's fees totaling $360. In order to assess attorney's fees as court costs, a trial court must determine that the defendant has financial resources that enable him or her to offset in part, or in whole, the costs of the legal services provided. Tex. Code Crim. Proc. Ann. art. 26.05(g) (West Supp. 2011). Here the record reflects that the trial court found Appellant indigent and unable to afford the cost of legal representation before her plea was entered in July 2010, and after her plea in October 2010. Unless a material change in his or her financial resources occurs, once a criminal defendant has been found to be indigent, he or she is presumed to remain indigent for the remainder of the proceedings. Tex. Code Crim. Proc. Ann. art. 26.04(p) (West Supp. 2011). Therefore, because there is evidence of record demonstrating that both prior to her plea and immediately following rendition of judgment she was indigent and qualified for court-appointed counsel, we presume her financial status had not changed, i.e., that she was indigent at the time the trial court entered judgment.

---

[2]Originally appealed to the 5th Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* Tex. Gov't Code Ann. § 73.001 (West 2005). We are unaware of any conflict between precedent of the 5th Court of Appeals and that of this Court on any relevant issue. *See* Tex. R. App. P. 41.3.

Furthermore, before a trial court can order the reimbursement of court-appointed attorney's fees the record must reflect some factual basis to support the determination that the defendant is capable of paying those fees. *See Perez v. State,* 323 S.W.3d 298, 307 (Tex.App.—Amarillo 2010, pet. ref'd). *See also Barrera v. State,* 291 S.W.3d 515, 518 (Tex.App.—Amarillo 2009, no pet.); *Perez v. State,* 280 S.W.3d 886, 887 (Tex.App.—Amarillo, no pet.). We note that the record in this case does not contain a pronouncement, determination, or finding that Appellant had financial resources that enable her to pay all, or any part of, the fees paid to her court-appointed counsel, and we are unable to find any evidence to support such a determination. Therefore, we conclude, and the State confesses as much, that the order to pay court-appointed attorney's fees was improper. *See Mayer v. State,* 309 S.W.3d 552, 555-56 (Tex.Crim.App. 2010). When the evidence does not support an order to pay attorney's fees, the proper remedy is to delete the order from the judgment. *Id.* at 557. *See Anderson v. State,* No. 03-09-00630-CR, 2010 Tex. App. LEXIS 5033, at *9 (Tex.App.—Austin, July 1, 2010, no pet.) (not designated for publication). Accordingly, Appellant's first point is sustained and we modify the judgment to delete the order to pay $360 in court-appointed attorney's fees as court costs.[3]

### PUNISHMENT

Appellant contends the trial court abused its discretion when it sentenced her to one year confinement in a state jail facility rather than placing her on community

---

[3]There is evidence in the record that Appellant paid a portion of the court-appointed attorney's fees, $17.60, while incarcerated pursuant to an order issued by the trial judge requiring that certain monies be withdrawn from Appellant's Inmate Trust Account. We offer no opinion regarding these monies as their recovery would be a civil matter. This appeal is concerned with the trial court's judgment in Appellant's criminal case.

3

supervision because the sentence violated one of several primary objectives of the Texas Penal Code. *See* Tex. Penal Code Ann. § 1.02 (West 2011). Appellant admits in her brief that her sentence is within the statutory range.[4]

Appellant cites to no statute or case law permitting any direct action under section 1.02 of the Texas Penal Code related to sentencing or punishment. Accordingly, we interpret Appellant's point as contending that her sentence violated the state constitutional prohibition against cruel and unusual punishment. *See* Tex. Const. art. I, § 13.

In order to preserve for appellate review a complaint that a sentence is grossly disproportionate constituting cruel and unusual punishment, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling requested.[5] *Curry v. State,* 910 S.W.2d 490, 497 (Tex.Crim.App. 1995) (holding failure to make specific objection at trial waives Eighth Amendment claim of cruel and unusual punishment). *Accord Nicholas v. State*, 56 S.W.3d 760, 768 (Tex.App.—Houston [14th Dist.] 2001, pet. ref'd); *Solis v. State*, 945 S.W.2d 300, 301 (Tex.App.—Houston [1st Dist.] 1997, pet. ref'd). Because Appellant failed to make any objection regarding her punishment during the trial court's punishment proceeding or in her motion for new trial, she failed to preserve any error. *See Ladd v. State*, 3 S.W.3d

---

[4]*See* Tex. Penal Code Ann. § 12.35(a), (b) (West 2011).

[5]*See* Tex. R. App. P. 33.1(a). The complaining party must object at the earliest possible opportunity and obtain an adverse ruling; *Wilson v. State*, 71 S.W.3d 346, 349 (Tex.Crim.App. 2002), and, on appeal, the arguments must comport with the objection at trial, or the error is waived. *Id.* (quoting *Thomas v. State*, 723 S.W.2d 696, 700 (Tex.Crim.App. 1986)). Even constitutional errors may be waived by a failure to object at trial. *Fuller v. State*, 253 S.W.3d 220, 232 (Tex.Crim.App. 2008). Although appellate courts may take notice of fundamental error affecting rights so fundamental to the judicial system that they are granted special protection and cannot be waived by inaction alone; *Blue v. State*, 41 S.W.3d 129, 131 (Tex.Crim.App. 2000), a cruel and unusual complaint does not constitute fundamental error. *Trevino v. State,* 174 S.W.3d 925, 927-28 (Tex.App.—Corpus Christi 2005, pet. ref'd).

547, 564 (Tex.Crim.App. 1999); *Rodriquez v. State*, 917 S.W.2d 90, 92 (Tex.App.—Amarillo 1996, pet. ref'd).  Appellant's second point is overruled.

## CONCLUSION

Having modified the trial court's judgment to reflect court costs of $244 ($604 - $360), the judgment, as modified, is affirmed.


Patrick A. Pirtle
Justice

Do not publish.