NO. 07-11-0492-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JULY 11, 2012

_____


JOE STEVEN MONTOYA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____


FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

NO. 61,359-D; HONORABLE DON EMERSON, JUDGE

_____


Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**


In 2010, pursuant to a plea bargain, Appellant, Joe Steven Montoya, entered a plea of guilty to the offense of aggravated assault with a deadly weapon, enhanced.[1] He was placed on deferred adjudication community supervision for six years and assessed a $500 fine. On May 5, 2011, the State filed a motion to proceed with an

[1]This offense is a second degree felony, Tex. Penal Code Ann. § 22.02(a) (2) (West 2011), enhanced by a prior felony conviction, making it punishable as a first degree felony. Tex. Penal Code Ann. § 12.42(b) (West 2011),

adjudication of guilt alleging that Appellant had violated four of the terms and conditions of his community supervision. Following a hearing on the State's motion at which Appellant entered pleas of not true to each allegation, the trial court found he violated the terms and conditions of community supervision, adjudicated him guilty of the charged offense, and assessed his sentence at eight years confinement. In presenting this appeal, counsel has filed an *Anders*[2] brief in support of a motion to withdraw. We grant counsel's motion and affirm the judgment as reformed and modified.

In support of his motion to withdraw, counsel certifies he has conducted a conscientious examination of the record and, in his opinion, the record reflects no potentially plausible basis to support an appeal. *Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex.Crim.App. 2008). Counsel candidly discusses why, under the controlling authorities, the appeal is frivolous. *See High v. State*, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978). Counsel has demonstrated that he has complied with the requirements of *Anders* and *In re Schulman* by (1) providing a copy of the brief to Appellant, (2) notifying him of his right to file a pro se response if he desired to do so, and (3) informing him of his right to file a pro se petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408.[3] By letter, this Court granted Appellant an opportunity to

---

[2] *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

[3] Notwithstanding that Appellant was informed of his right to file a pro se petition for discretionary review upon execution of the *Trial Court's Certification of Defendant's Right of Appeal*, counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure which provides that counsel shall within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment together with notification of his right to file a pro se petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408 n.22 & at 411 n.35.

exercise his right to file a response to counsel's brief, should he be so inclined. *Id.* at 409 n.23. Appellant did not file a response. Neither did the State favor us with a brief.

By the *Anders* brief, counsel raises two arguable issues, to-wit: (1) the evidence was legally insufficient to support a finding of true to the State's allegations and (2) the punishment was excessive. Counsel then analyzes the issues and concludes there is no reversible error in the record.

## DECISION TO ADJUDICATE--STANDARD OF REVIEW

An appeal from a trial court's order adjudicating guilt is reviewed in the same manner as a revocation hearing. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (West Supp. 2011). When reviewing an order revoking community supervision imposed under an order of deferred adjudication, the sole question before this Court is whether the trial court abused its discretion. *Rickels v. State,* 202 S.W.3d 759, 763 (Tex.Crim.App. 2006); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex.Crim.App. 1984); *Jackson v. State*, 645 S.W.2d 303, 305 (Tex.Crim.App. 1983). In a revocation proceeding, the State must prove by a preponderance of the evidence that the probationer violated a condition of community supervision as alleged in the motion. *Cobb v. State*, 851 S.W.2d 871, 874 (Tex.Crim.App. 1993). If the State fails to meet its burden of proof, the trial court abuses its discretion in revoking community supervision. *Cardona*, 665 S.W.2d at 494. In determining the sufficiency of the evidence to sustain a revocation, we view the evidence in the light most favorable to the trial court's ruling. *Jones v. State*, 589 S.W.2d 419, 421 (Tex.Crim.App. 1979).

Here, the record shows that Appellant was indicted in April 2010 for two-counts of aggravated assault. The aggravating factor alleged in each count was the use or exhibition of a "deadly weapon, to-wit: a screwdriver, that in the manner and means of its use and intended use was capable of causing death or serious bodily injury, during the commission of the assault." Each charge was also enhanced by a prior felony conviction. On September 7, 2010, Appellant was granted deferred adjudication.

On December 15, 2010, a complaint was filed against him for an assault alleged to have been committed on October 29, 2010. Pursuant to a plea bargain in that case, Appellant was convicted and sentenced to 180 days confinement in the Potter County Jail. Based in part upon this subsequent assault, the State filed a motion to revoke his deferred adjudication.

At the revocation hearing, the State introduced a certified copy of the judgment demonstrating that Appellant pleaded guilty to, and was convicted of, the assault committed in October 2010, thereby violating the first condition of his community supervision. Based upon this evidence alone, we conclude the State proved by a preponderance of the evidence that Appellant violated the terms and conditions of his deferred adjudication community supervision and the trial court did not abuse its discretion in adjudicating him guilty of the original offense.

Additionally, we have independently examined the entire record to determine whether there are any non-frivolous issues which might support the appeal. *See Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *In re Schulman*,

4

252 S.W.3d at 409; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991).  We have found no such issues.  *See Gainous v. State*, 436 S.W.2d 137 (Tex.Crim.App. 1969).  After reviewing the record and counsel's brief, we agree with counsel that there are no plausible grounds for appeal.  *See Bledsoe v. State*, 178 S.W.3d  824 (Tex.Crim.App. 2005).

## COURT-APPOINTED ATTORNEY'S FEES

Once a criminal defendant has been found to be indigent, he is presumed to remain indigent for the remainder of the proceedings unless a material change in a defendant's financial resources occurs.  *See* Tex. Code Crim. Proc. Ann. art. 26.04(p) (West Supp. 2011).  Furthermore, it is well established that in order to assess attorney's fees in a judgment, order revoking community supervision, or order adjudicating guilt, a trial court must determine that the defendant has the financial resources that enable him to offset in part or in whole the costs of legal services provided.  *See* Tex. Code Crim. Proc. Ann. art. 26.05(g) (West Supp. 2011).[4]  *See also Mayer v. State*, 309 S.W.3d 552, 555-56 (Tex.Crim.App. 2010).  Additionally, the record must reflect some factual basis to support the trial court's determination.  *See Barrera v. State*, 291 S.W.3d 515, 518 (Tex.App.--Amarillo 2009, no pet.); *Perez v. State*, 280 S.W.3d 886, 887 (Tex.App.--Amarillo 2009, no pet.).

This Court recently concluded in *Wolfe v. State*, No. 07-10-0201-CR, 2012 Tex. App. LEXIS 5368, at *10-11 (Tex.App.--Amarillo July 6, 2012, no pet. h.), that the evidence was insufficient to support the trial court's assessment of attorney's fees as

---

[4]All article references herein to the Texas Code of Criminal Procedure Annotated are to West Supp. 2011.

court costs, even though payment of those fees had been a condition of appellant's community supervision. *See also Armstrong v. State,* No. 07-09-0091-CR, 2011 Tex. App. LEXIS 6637, at *3 (Tex.App.--Amarillo Aug. 17, 2011, no pet.) (not designated for publication) (modifying the trial court's judgment to delete the assessment of attorney's fees due to insufficient evidence without making any distinction between attorney's fees the defendant agreed to pay as a condition of his community supervision and additional attorney's fees assessed at adjudication).

Here, the clerk's record reflects the trial court appointed counsel to represent Appellant during the phase in which he was granted deferred adjudication, again at the adjudication of guilt phase, and again to pursue this appeal. Thus, because the record demonstrates that Appellant was indigent immediately prior to each time attorney's fees were awarded, we presume he remained indigent at the time of each award. The clerk's record also contains two Attorney Fee Vouchers, each authorizing payment of $1,000 as compensation for court-appointed counsel. Furthermore, the *Bill of Costs* attached to the *Judgment Adjudicating Guilt* reflects: "Attorney Fees (Court Appointed) $2,000.00." Because there is no evidence in the record of a change in Appellant's financial resources that would enable him to offset in part or in whole the costs of legal services provided, we conclude the *Judgment Adjudicating Guilt* which orders him to pay court-appointed attorney's fees "as per the attached *Bill of Costs*" is improper.

Because no objection is required to challenge the sufficiency of the evidence regarding a defendant's ability to pay, *Mayer*, 309 S.W.3d at 555-56, and there is no

6

evidence to support the order for Appellant to pay attorney's fees, the proper remedy is to delete that order.

### REFORMATION OF JUDGMENT

In reviewing the record, it has come to this Court's attention that the *Judgment Adjudicating Guilt* contained in the clerk's record includes clerical errors. The summary portion of the judgment, under the heading Plea to Motion to Adjudicate, reflects that Appellant entered a plea of "TRUE" to the allegations in the motion, when the reporter's record reveals he entered pleas of "not true" to each allegation. Additionally, under the heading Findings on Deadly Weapon, the judgment reflects: "N/A", whereas the reporter's record reflects that the court adjudicated him guilty of "aggravated assault with a deadly weapon."

This Court has the power to modify the judgment of the court below to make the record speak the truth when we have the necessary information to do so. Tex. R. App. P. 43.2(b). *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex.Crim.App. 1993). Appellate courts have the power to reform whatever the trial court could have corrected by a judgment *nunc pro tunc* where the evidence necessary to correct the judgment appears in the record. *Ashberry v. State*, 813 S.W.2d 526, 529 (Tex.App.--Dallas 1991, pet. ref'd). The power to reform a judgment is "not dependent upon the request of any party, nor does it turn on the question of whether a party has or has not objected in the trial court." *Id.* at 529-30.

7

Accordingly, we reform the *Judgment Adjudicating Guilt* to reflect "NOT TRUE" under <u>Plea to Motion to Adjudicate</u> and "YES, NOT A FIREARM" under <u>Findings on Deadly Weapon</u>.

## CONCLUSION

The *Judgment Adjudicating Guilt* is reformed to reflect a plea of "NOT TRUE" under <u>Plea to Motion to Adjudicate</u> and "YES, NOT A FIREARM" under <u>Findings on Deadly Weapon</u>. Additionally, the judgment is modified to add the following provision at page 2 beneath the heading "Furthermore, the following special findings or orders apply": "As used herein the term 'court costs' does not include court-appointed attorney's fees." As reformed and modified, the judgment is affirmed and counsel's motion to withdraw is granted.

Patrick A. Pirtle
Justice

Do not publish.

8