NO. 07-11-0443-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JULY 11, 2012

_____

JAMELLE ANTOINE PARKER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 242ND DISTRICT COURT OF SWISHER COUNTY;

NO. B 4273-09-08; HONORABLE ED SELF, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

In 2009, pursuant to a plea bargain, Appellant, Jamelle Antoine Parker, was granted deferred adjudication for aggravated assault with an affirmative finding on use of a deadly weapon,[1] assessed a $1,500 fine and placed on community supervision for five years. On September 8, 2011, the State filed an amended motion to proceed with an adjudication of guilt alleging that Appellant had violated six of the terms and conditions of community supervision. Following a hearing on the State's amended

_____
[1]Tex. Penal Code Ann. § 22.02(a)(2) (West 2011).

motion at which Appellant entered a plea of true to the State's allegations, the trial court found that Appellant violated the terms of community supervision as alleged by the State, adjudicated him guilty, and proceeded to the punishment phase. Following the presentation of punishment evidence, the trial court sentenced Appellant to fifteen years confinement and increased the fine assessed to $5,000. In presenting this appeal, counsel has filed an *Anders*[2] brief in support of a motion to withdraw. We grant counsel's motion and affirm the judgment as modified.

In support of his motion to withdraw, counsel certifies he has conducted a conscientious examination of the record and, in his opinion, the record reflects no potentially plausible basis to support an appeal. *Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex.Crim.App. 2008). Counsel candidly discusses why, under the controlling authorities, the appeal is frivolous. *See High v. State*, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978). Counsel has demonstrated that he has complied with the requirements of *Anders* and *In re Schulman* by (1) providing a copy of the brief to Appellant, (2) notifying him of his right to file a *pro se* response if he desired to do so, and (3) informing him of his right to file a *pro se* petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408.[3] By letter, this Court granted Appellant an opportunity to

---

[2] *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

[3] Notwithstanding that Appellant was informed of his right to file a *pro se* petition for discretionary review upon execution of the *Trial Court's Certification of Defendant's Right of Appeal*, counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure which provides that counsel shall within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment together with notification of his right to file a *pro se* petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408 n.22 & at 411 n.35.

exercise his right to file a response to counsel's brief, should he be so inclined. *Id.* at 409 n.23. Appellant did not file a response. Neither did the State favor us with a brief.

## DECISION TO ADJUDICATE--STANDARD OF REVIEW

An appeal from a trial court's order adjudicating guilt is reviewed in the same manner as a revocation hearing. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (West Supp. 2011). When reviewing an order revoking community supervision imposed under an order of deferred adjudication, the sole question before this Court is whether the trial court abused its discretion. *Rickels v. State,* 202 S.W.3d 759, 763 (Tex.Crim.App. 2006); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex.Crim.App. 1984); *Jackson v. State*, 645 S.W.2d 303, 305 (Tex.Crim.App. 1983). In a revocation proceeding, the State must prove by a preponderance of the evidence that the probationer violated a condition of community supervision as alleged in the motion. *Cobb v. State*, 851 S.W.2d 871, 874 (Tex.Crim.App. 1993). If the State fails to meet its burden of proof, the trial court abuses its discretion in revoking community supervision. *Cardona*, 665 S.W.2d at 494. In determining the sufficiency of the evidence to sustain a revocation, we view the evidence in the light most favorable to the trial court's ruling. *Jones v. State*, 589 S.W.2d 419, 421 (Tex.Crim.App. 1979). Additionally, a plea of true standing alone is sufficient to support a trial court's revocation order. *Moses v. State*, 590 S.W.2d 469, 470 (Tex.Crim.App. 1979).

Appellant was indicted for striking an individual with a motor vehicle and causing bodily injury. He entered a plea of guilty to the charged offense and executed a

Stipulation of Evidence and was granted deferred adjudication. Just over a year after Appellant was granted deferred adjudication, the State filed a motion to proceed and later filed an amended motion to proceed. At the hearing on the amended motion, Appellant entered a plea of true. Additionally, the trial court heard testimony from Appellant and his community supervision officer. Their testimony established that Appellant violated the terms and conditions of community supervision. We conclude the State proved by a preponderance of the evidence that Appellant violated the terms and conditions of his deferred adjudication community supervision and the trial court did not abuse its discretion in adjudicating him guilty of the original offense.

We have independently examined the entire record to determine whether there are any non-frivolous issues which might support the appeal. *See Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). We have found no such issues. *See Gainous v. State*, 436 S.W.2d 137 (Tex.Crim.App. 1969). After reviewing the record and counsel's brief, we agree with counsel that there are no plausible grounds for appeal. *See Bledsoe v. State*, 178 S.W.3d 824 (Tex.Crim.App. 2005).

## COURT-APPOINTED ATTORNEY'S FEES

Once a criminal defendant has been found to be indigent, he is presumed to remain indigent for the remainder of the proceedings unless a material change in a defendant's financial resources occurs. *See* Tex. Code Crim. Proc. Ann. art. 26.04(p) (West Supp. 2011). Furthermore, it is well established that in order to assess attorney's

4

fees in a judgment, order revoking community supervision, or order adjudicating guilt, a trial court must determine that the defendant has the financial resources that enable him to offset in part or in whole the costs of legal services provided. *See* Tex. Code Crim. Proc. Ann. art. 26.05(g) (West Supp. 2011).[4] *See also Mayer v. State*, 309 S.W.3d 552, 555-56 (Tex.Crim.App. 2010). Additionally, the record must reflect some factual basis to support the trial court's determination. *See Barrera v. State*, 291 S.W.3d 515, 518 (Tex.App.--Amarillo 2009, no pet.); *Perez v. State*, 280 S.W.3d 886, 887 (Tex.App.--Amarillo 2009, no pet.).

This Court recently concluded in *Wolfe v. State*, No. 07-10-0201-CR, 2012 Tex. App. LEXIS 5368, at *10-11 (Tex.App.--Amarillo July 6, 2012, no pet. h.), that the evidence was insufficient to support the trial court's assessment of attorney's fees as court costs, even though payment of those fees had been a condition of appellant's community supervision. *See also Armstrong v. State,* No. 07-09-0091-CR, 2011 Tex. App. LEXIS 6637, at *3 (Tex.App.--Amarillo Aug. 17, 2011, no pet.) (not designated for publication) (modifying the trial court's judgment to delete the assessment of attorney's fees due to insufficient evidence without making any distinction between attorney's fees the defendant agreed to pay as a condition of his community supervision and additional attorney's fees assessed at adjudication).

Here, the clerk's record reflects the trial court appointed counsel to represent Appellant during the phase in which he was granted deferred adjudication, again at the adjudication of guilt phase, and again to pursue this appeal. Because the record

---

[4]All article references herein to the Texas Code of Criminal Procedure Annotated are to West Supp. 2011.

demonstrates that Appellant was indigent immediately prior to each time attorney's fees were awarded, we presume he remained indigent at the time of each award. Furthermore, because there is no evidence in the record of a change in Appellant's financial resources that would enable him to offset in part or in whole the costs of legal services provided to him at any time we conclude the special finding contained in the *Judgment Adjudicating Guilt* which orders him to pay $750.00 for court-appointed attorney's fees agreed to as part of his previous plea bargain is improper.

Because no objection is required to challenge the sufficiency of the evidence regarding a defendant's ability to pay, *Mayer*, 309 S.W.3d at 555-56, and there is no evidence to support the order for Appellant to pay attorney's fees, the proper remedy is to delete that order.

## CONCLUSION

The judgment adjudicating guilt is modified to delete the trial court's special finding ordering Appellant to pay $750.00 for court-appointed attorney's fees. In lieu thereof, the judgment of the trial court is modified to add the following provision beneath the heading "Furthermore, the following special findings or orders apply": "As used herein the term 'court costs' does not include court-appointed attorney's fees." As modified, the trial court's judgment is affirmed and counsel's motion to withdraw is granted.

Patrick A. Pirtle
Justice

Do not publish.

6