

In The

# Court of Appeals
## Seventh District of Texas at Amarillo

_____

No. 07-11-00066-CR
_____

RICHARD JAMES MORGAN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 140TH District Court
Lubbock County, Texas
Trial Court No.2009-422,402, Honorable Jim Bob Darnell, Presiding

May 14, 2013

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant, Richard James Morgan, was convicted by a jury of two counts of aggravated sexual assault of a child[1] and was sentenced to thirty years confinement as to each offense, with the two sentences to be served concurrently. In support of his

---

[1] In February 2009, an indictment was filed alleging Appellant intentionally and knowingly caused the penetration of the mouth of S.F., a child younger than 14 years of age, and not Appellant's spouse, by his sexual organ (Count 1) and intentionally and knowingly caused the penetration of S.F.'s female sexual organ by his finger (Count 2). *See* TEX. PENAL CODE ANN. § 22.021(a)(2)(B) (WEST SUPP. 2012).

appeal, he asserts: (1) there was insufficient evidence to support his conviction as to Count 2 of the indictment; (2) the trial court erred in admitting expert testimony; and (3) also erred by refusing to require that the State elect which acts it was relying on to secure a conviction. We modify the judgment pertaining to Count 1 of the indictment to delete the order that Appellant pay $6,260.00 in court-appointed attorney's fees[2] and affirm the judgments as modified.

### SUFFICIENCY OF THE EVIDENCE

Appellant contends there was insufficient evidence to convict him of causing the penetration of S.F.'s sexual organ by his finger because there was no definitive evidence that a penetrating injury occurred and the State's expert could not identify the specific mechanism that caused a tear in S.F.'s hymen.

The only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense the State is required to prove beyond a reasonable doubt is the standard set forth in *Jackson v. Virginia,* 443 U.S. 307, 33 S.Ct. 2781, 61 L.Ed.2d 560 (1979). *See Adames v. State,* 353 S.W.3d 854, 859 (Tex.Crim.App. 2011); *Brooks v. State,* 323 S.W.3d 893, 912 (Tex.Crim.App. 2010). Under that standard, in assessing the sufficiency of the evidence to support a criminal conviction, this Court considers all the evidence in the light most favorable to the verdict and determines whether, based on that evidence and reasonable inferences to be drawn therefrom, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Jackson,* 443 U.S. at 319; *Adames,* 353

---

[2]The trial court issued separate judgments for Counts 1 and 2 of the indictment and ordered Appellant pay court-appointed attorney's fees of $6,260.00 in the judgment pertaining to Count 1.

S.W.3d at 860; *Brooks*, 323 S.W.3d at 912. This standard gives full play to the responsibility of the trier of fact to resolve conflicts in testimony, weigh the evidence, and draw reasonable inferences from basic facts to ultimate facts. *Jackson,* 443 U.S. at 319. *See Adames*, 353 S.W.3d at 860 (citing *Hooper v. State,* 214 S.W.3d 9, 15 (Tex.Crim.App. 2007)).

A person commits the offense of aggravated sexual assault if the person, intentionally or knowingly, causes the penetration of the anus or sexual organ of a child, younger than 14 years of age, by any means, or causes the sexual organ of a child to contact or penetrate the mouth, anus, or sexual organ of another person, including the actor. TEX. PENAL CODE ANN. § 22.021(a)(1)(A) & (a)(2)(B) (WEST SUPP. 2012). There is no requirement that a child victim be able to testify as to penetration; *Villalon v. State,* 791 S.W.2d 130, 133 (Tex.Crim.App. 1990), and, like other essential elements of an offense, penetration may be proven by circumstantial evidence. *See id.*

Here, S.F. testified Appellant touched her underneath her panties and "[s]he remember[ed] that hurting." Patricia Salazar, the sexual assault nurse examiner who examined S.F. after her initial outcry, testified S.F. stated Appellant touched her once or twice under her clothes. When Salazar asked S.F. how her body felt, S.F. told her "[a]wkward at first but one time it hurt real bad. I told him to stop." Salazar further testified that it was significant that S.F. was eleven years old and prepubescent because, being prepubescent, S.F.'s hymen had not yet become estrogenized and, as a result, was very painful to touch. As she became pubescent, Salazar testified her hymen would become estrogenized--somewhat elastic and less painful to the touch. Salazar also indicated S.F.'s physical examination revealed a tear or transection in her

3

hymen. She opined the tear indicated that a penetration injury occurred, i.e., "[m]eaning something had been inserted into [S.F.'s] vagina [causing] this transection." She further testified S.F.'s statement that "one time it did hurt and she told him to stop" was consistent with her finding of penetration.

Considering the evidence in the light most favorable to the verdict, we find, based on that evidence and reasonable inferences to be drawn therefrom, a rational trier of fact could have found that Appellant penetrated S.F.'s vagina with his finger as alleged in Count 2 of the indictment. *See Mosley v. State,* 141 S.W.3d 816, 822-23 (Tex.App.— Texarkana 2004, pet. ref'd) (child's testimony that defendant hurt her when he touched her vagina coupled with medical testimony that penetration occurred based on her physical examination was sufficient evidence for a jury to find penetration beyond a reasonable doubt). *See also Swearingen v. State,* 101 S.W.3d 89, 97-98 (Tex.Crim.App. 2003) (corroboration between the forensic evidence and the rendition of the episode in appellant's letter sufficiently strong to convict). Appellant's first issue is overruled.

## EXPERT TESTIMONY

Appellant next asserts the trial court erred by admitting Salazar's expert testimony under Rule 702 of the Texas Rules of Evidence because she did not properly apply the guidelines of her field to the facts of the case.

To preserve an error for appellate review, the complaining party must make a specific objection and obtain a ruling on that objection. *Wilson v. State,* 71 S.W.3d 346, 349 (Tex.Crim.App. 2002). A specific objection regarding expert testimony must detail

4

the particular deficiency in the expert's qualifications or the reliability of the expert's opinions; *Acevedo v. State*, 255 S.W.3d 162, 167 (Tex.App.—San Antonio 2008, pet. ref'd), otherwise the complaining party has failed to preserve an issue for review. *See id. See also Chisum v. State,* 988 S.W.2d 244, 250-51 (Tex.App.—Texarkana 1998, pet. ref'd) (objection to expert opinion alone without specifying particular deficiency in reliability preserves no issue for appellate review); *Hepner v. State,* 966 S.W.2d 153, 159-60 (Tex.App.—Austin 1998, no pet.) (broad objection to expert evidence on the authority of *Kelly* and Rules 403, 702 and 705 does not preserve for appeal complaints that the State did not prove the reliability of that evidence). Because Appellant made no objection to Salazar's qualifications or the reliability of her testimony, Appellant did not preserve this second issue for review. Appellant's second issue is overruled.

### ELECTION

Finally, Appellant contends the trial court erred by not requiring the State to elect which acts it was relying on to secure a conviction when there was evidence of multiple incidents of sexual abuse upon which the jury could base their decisions. Specifically, Appellant asserts there was testimony that Appellant forced S.F. to perform oral sex on him five times and he penetrated her vagina "once or twice."

Assuming, without deciding, the trial court erred in not requiring a formal election by the State, we will proceed to determine whether the absence of such an election harmed Appellant. Although the State may present evidence or obtain a conviction by proof of similar criminal acts that occurred "on or about" the date alleged in the indictment; *Sledge v. State,* 953 S.W.2d 253, 255, 259 (Tex.Crim.App. 1997), the

5

danger that a verdict will not be unanimous "arises when a multitude of incidents are presented to the jury and the State is not required to elect." *Phillips v. State*, 193 S.W.3d 904, 913 (Tex.Crim.App. 2006).

To determine whether an appellant has been harmed by a failure to elect, consideration of the following four main purposes underlying the election rule have proved instructive: (1) the appellant's need to be protected from the admission of extraneous offenses; (2) the risk that the jury found the appellant guilty of the charged offenses not because they were proven beyond a reasonable doubt but because of the admission of the extraneous offenses; (3) the risk of a non-unanimous verdict; and (4) whether the admission of the extraneous offenses deprived the appellant of adequate notice regarding which offense to defend against. *Dixon v. State,* 201 S.W.3d 731, 733 (Tex.Crim.App. 2006).

As for these offenses—forcing S.F. to perform oral sex on Appellant and vaginal penetration—there is no concern about the admission of extraneous sexual acts because they were admissible under article 38.37 of the Texas Code of Criminal Procedure to show the relationship between Appellant and S.F. as well as the state of mind of either of them. *See* TEX. CODE CRIM. PROC. ANN. art. 38.27 (WEST SUPP. 2012); *Dixon*, 201 S.W.3d at 734-35.

As for the second concern, there is little, if any, risk that the jury convicted Appellant solely because of the extraneous offenses—if it believed that S.F.'s testimony regarding a continuing course of conduct involving nonspecific, indistinguishable offenses was credible as to one, the jury must have likewise believed her testimony was

6

credible as to all. *See Dixon*, 201 S.W.3d at 735. Moreover, in each instance, S.F. testified about one distinct, detailed incident under each count of the indictment and referred to the remainder of the offenses only generally.

Thirdly, there is little risk that the jury failed to return a unanimous verdict as to theses offenses. Unanimity in this context means that each and every juror agreed that Appellant committed the same, single, specific criminal act to convict him of each of the charged offenses. *Ngo v. State,* 175 S.W.3d 738, 745 (Tex.Crim.App. 2005). Paragraph 19 of the charge reads: "Your verdict in Court 1 of the indictment, if any, and your verdict in Count 2 of the indictment, if any, will be by unanimous vote." Although the charge did not inform the jury that they had to unanimously agree on specific acts in order to convict on each count, it did notify the jury that its verdict had to be unanimous.

Furthermore, there are no distinguishing details between the multiple offenses testified to under either count in the indictment. The offenses occurred in Appellant's bedroom at night while a pornographic movie was playing on the television at a time in which S.F.'s mother was out with her friends or at work. Moreover, S.F.'s testimony at trial regarding the circumstances of each occurrence were corroborated by S.F.'s brother in his statement to Terri Sanchez, a forensic interviewer at the Children's Advocacy Center and in S.F.'s statement to Salazar shortly after her initial outcry.

In addition, in its closing argument, the State referenced S.F.'s detailed descriptions of each count alleged in the indictment and their corresponding time frames. The State emphasized the jury had "heard of lots of different incidents" but that

Appellant had "been charged with two."[3]  Specifically, during deliberations, the jury sent a note to the trial judge asking a question about S.F.'s specific account of her being penetrated by Appellant's finger, the incident underlying Count 2 in the indictment.  So, there is little, if any, risk that some of the jury voted to convict for acts only generally described simply as occurring with no detail as to what, or how, the offense occurred as opposed to the two detailed accounts given by S.F. and referenced by the State in its closing argument.

Finally, we do not believe Appellant was deprived of adequate notice of which offenses to defend against.  In a case such as this, which involves testimony of a continuing course of the same type of nonspecific, indistinguishable conduct over a long period of time, the issue is typically whether the jury believes the complainant generally or not at all.  The State informed Appellant nearly a year and one-half before the trial in its *Notice of Intention to Use Extraneous Offenses, Prior Convictions and Evidence of Other Crimes, Wrongs or Acts* that it intended to offer evidence of "[a]ny and all matters relating to multiple offenses of Indecency with a Child or Aggravated Sexual Assault, on victim [S.F.] a minor child, occurring on or about November 21, 2007 through November 21, 2008, Lubbock County, Texas."  Further, other than the detailed accounts given by S.F. of how the offenses occurred within that time period, the remaining evidence simply showed generally that the offenses were repeated within the time frame described in the State's *Notice of Intention* and the indictment.  Accordingly, we do not believe that there is any risk that Appellant was inadequately notified of the exact nature of the charges against him such that he could not adequately defend himself.

---

[3]The jury charge also contained an extraneous offense instruction.

8

Having analyzed the four election-error factors set forth in *Dixon* in light of the entire record, we conclude and hold that the trial court's failure to require the State to make an election of the acts it was relying on to secure a conviction did not harm Appellant. *See* TEX. R. APP. P. 44.2(a); *Dixon,* 201 S.W.3d at 735-36; *Phillips,* 193 S.W.3d at 914. Appellant's third issue is overruled.

## ATTORNEY'S FEES

We also note an issue not raised by Appellant regarding the assessment of attorney's fees.[4] The written judgment here orders the defendant to pay court-appointed attorney's fees totaling $6,260.00. In order to assess attorney's fees in a judgment, a trial court must determine the defendant has financial resources that enable him to offset in part or in whole the costs of legal services provided. TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (WEST SUPP. 2012). Furthermore, the record must reflect some factual basis to support that determination. *Barrera v. State,* 291 S.W.3d 515, 518 (Tex.App.—Amarillo 2009, no pet.); *Perez v. State,* 280 S.W.3d 886, 887 (Tex.App.—Amarillo 2009, no pet.).

The record in this case does not contain any evidence to support such a determination. Therefore, we conclude that the order to pay attorney's fees was improper. *See Mayer v. State,* 309 S.W.3d 552, 555-56 (Tex.Crim.App. 2010). When the evidence does not support an order to pay attorney's fees, the proper remedy is to delete the order. *Id.* at 557. Accordingly, we modify the judgment as to Count 1 of the

---

[4]When a defendant appeals his conviction, courts of appeal have jurisdiction to address any error in that case. *Pfeiffer v. State,* 363 S.W.3d 594, 599 (Tex.Crim.App. 2012). Where, as here, the error appears on the face of the judgment and does not involve the merits of the criminal trial, but instead addresses the judgment's clerical correctness, we find that the interest of justice dictates that we address the issue.

indictment to delete the order that Appellant pay $6,260.00 in court-appointed attorney's fees.

**CONCLUSION**

The judgment as to Count 1 of the indictment is modified to delete the order that Appellant pay $6,260.00 in court-appointed attorney's fees and we affirm the judgment as modified.

Patrick A. Pirtle
Justice

Do not publish.