

In The

Court of Appeals

Seventh District of Texas at Amarillo

_____

No. 07-12-00242-CR

_____

MARIO SOCCORRO MARTINEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 47th District Court
Potter County, Texas
Trial Court No. 63,883-A; Honorable Richard Dambold, Presiding

August 21, 2013

MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Appellant, Mario Soccorro Martinez, was convicted by a jury of the offense of possession of a controlled substance, methamphetamine, in an amount of less than one gram[1] enhanced[2] and sentenced to confinement for nine years. Appellant asserts (1)

---

[1]See TEX. HEALTH & SAFETY CODE ANN. § 481.115(a) (WEST 2010). An offense under this statute is punishable as a state jail felony. See TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (WEST 2010).

[2]See TEX. PENAL CODE ANN. § 12.42(a)(1) repealed by Act of May 25, 2011, 82nd Leg., R.S., ch. 834, § 2 2011 Tex. Sess. Law Serv. 2104, effective September 1, 2011. A state jail felony offense committed prior

the trial court erred by denying his motion to suppress and (2) there is insufficient evidence to support his conviction. We modify the trial court's judgment to delete the requirement Appellant pay $5,270 in court-appointed attorney's fees and affirm the judgment as modified.

## MOTION TO SUPPRESS

Appellant contends the trial court erred by denying his motion to suppress evidence of a plastic baggie containing methamphetamine found in the coin or fifth pocket of his jeans because officers did not have a reasonable suspicion or justification for an investigative detention. While we disagree with Appellant's contention, we find the State is correct in the assertion that Appellant has not preserved this issue for appeal.

At trial, Appellant did not object to the admission of evidence of the plastic baggie containing methamphetamine when it was offered and received into evidence. Although he objected to the evidence in his motion to suppress and during a suppression hearing, when the evidence was offered into evidence at trial, Appellant's response was simply, "No objection." Appellant's response of "no objection" waived his claim to inadmissibility of the challenged evidence. *See Swain v. State,* 181 S.W.3d 359, 368 (Tex.Crim.App. 2005), *cert. denied,* 549 U.S. 861, 127 S.Ct. 145, 166 L.Ed.2d 106 (2006); *Moody v. State,* 827 S.W.2d 875, 889 (Tex.Crim.App. 1992); *Dean v. State,* 749 S.W.2d 80, 82-83 (Tex.Crim.App. 1988). Accordingly, Appellant's first issue is overruled.

---

to September 1, 2011, is punishable as a second degree felony if the defendant has been previously convicted of two felonies, and the second previous felony is for an offense that occurred subsequent to the first previous conviction having become final. In this case, the charging instrument alleged an offense committed on July 10, 2011, and two prior felony convictions meeting those criteria.

Appellant next asserts the State's evidence was insufficient to convict him of possession of a controlled substance because there is no evidence he was aware that the substance found in his possession was methamphetamine. Again, we disagree.

STANDARD OF REVIEW

In determining whether the evidence is legally sufficient to support a conviction, a reviewing court must consider all the evidence in a light most favorable to the verdict and determine, based on that evidence and the reasonable inferences drawn therefrom, whether a fact-finder could have found the essential elements of the crime beyond a reasonable doubt. *Lucio v. State,* 351 S.W.3d 878, 894 (Tex.Crim.App. 2011) (citing *Jackson v. Virginia,* 443 U.S. 307, 318-19, 99 S.Ct. 2781, 61 L.Ed.2d 5560 (1979)); *Brooks v. State,* 323 S.W.3d 893, 895 (Tex.Crim.App. 2010) (plurality op.). In conducting our review, we do not sit as a thirteenth juror and may not substitute our judgment for that of the fact-finder by re-evaluating the weight and credibility of the evidence. *Isassi v. State,* 330 S.W.3d 633, 638 (Tex.Crim.App. 2010). Rather, we defer to the fact-finder to fairly resolve conflicts in testimony, weigh the evidence, and draw reasonable inferences from basic to ultimate facts. *Id.*

POSSESSION OF A CONTROLLED SUBSTANCE

In a possession of a controlled substance prosecution, the State must prove that: (1) the accused exercised control, management, or care over the substance; and (2) the accused knew the matter possessed was contraband. *Evans v. State,* 202 S.W.3d 158,

161 (Tex.Crim.App. 2006). Regardless whether the evidence is direct or circumstantial, it must establish that the defendant's connection with the drug was more than fortuitous. *Id.* Moreover, presence or proximity, when combined with other evidence, either direct or circumstantial, may well be sufficient to satisfy both elements. *Id.* at 162.[3]

Here, the surrounding circumstances leading up to, during, and after Appellant's arrest, when viewed in a light most favorable to the verdict, show that a fact-finder could have reasonably found that Appellant's possession of the methamphetamine was intentional or knowing beyond a reasonable doubt. *See Brooks,* 323 S.W.3d at 902; *Hooper v. State,* 214 S.W.3d 9, 13 (Tex.Crim.App. 2007). The evidence at trial established the following: (1) contraband was recovered from an enclosed place (Appellant's fifth pocket); (2) the accused was the owner of the place where the contraband was found (his jeans); (3) the contraband was conveniently accessible to the accused in close proximity (on his person); (4) the accused possessed other contraband when arrested (a cutting agent[4] was found in a plastic baggie in his sock); (5) paraphernalia to use the contraband was found on the accused (cutting agent used to dilute contraband); (6) the accused made furtive gestures (swayed from side-to-side, paced, put his hands in-and-out of the pocket containing the contraband); and (7) the accused made incriminating statements connecting himself to the contraband (admitted he had "stupid stuff" on him). *See Evans,* 202 S.W.3d at 162 n.12. The record also reflects the two baggies found on Appellant were submitted to the DPS Crime

---

[3]This has been termed the "affirmative links" rule. *Evans v. State,* 202 S.W.3d 158, 162 n.9 (Tex.Crim.App. 2006). This rule "is not an independent test of legal sufficiency." *Id.* Rather, the term is used "merely as a shorthand catch-phrase for a large variety of circumstantial evidence that may establish knowing 'possession' or 'control, management, or care' of some item such as contraband." *Id.*

[4]A cutting agent or "cut" dilutes the drug's quality while making it appear that the quantity of the drug has increased.

Laboratory and the baggie found in Appellant's fifth pocket contained 0.64 grams of methamphetamine. Accordingly, we find that the foregoing evidence is sufficient to prove Appellant's knowing possession of less than a gram of methamphetamine. *See Palmer v. State,* No. 2-07-160-CR, 2008 Tex. App. LEXIS 462, at *10-14 (Tex.App.—Fort Worth 2008, pet. ref'd) (mem. op., not designated for publication). *See also Akins v. State,* 202 S.W.3d 879, 892 (Tex.App.—Fort Worth 2006, pet. ref'd) (methamphetamine found in accused's pocket is abundant evidence of his possession of a controlled substance).

Furthermore, the jury was entitled to disbelieve or discount Appellant's equivocal testimony, i.e., officers planted methamphetamine in his pocket, both baggies contained Appellant's "cut" and were inadvertently confused by officers with his friend's drugs, or officers contaminated both baggies of "cut" with his friend's drugs. *See Davis v. State,* 313 S.W.3d 317, 348 (Tex.Crim.App. 2010) ("[a]bsent evidence of tampering, issues regarding the chain of custody bear on the weight, rather than the admissibility, of evidence.") The jury as the trier of fact is the exclusive judge of the credibility of witnesses and of the weight to be given each witness and each piece of evidence. *See Brown v. State,* 270 S.W.3d 564, 568 (Tex.Crim.App. 2008), *cert. denied,* 556 U.S. 1211, 129 S.Ct. 2075, 173 L.Ed.2d 1139 (2009). Here, the jury's verdict indicates the State's evidence was found more credible and entitled to greater weight than Appellant's testimony. Accordingly, Appellant's second issue is overruled.

We also note an issue not raised by Appellant regarding the assessment of $5,270 in court-appointed attorney's fees in the "Bill of Costs" incorporated in the trial court's *Judgment* in Cause No. 63,883-A.[5]  In order to assess attorney's fees, the trial court must first determine that the defendant has financial resources that enable him to offset in part or in whole the cost of legal services provided; TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (WEST SUPP. 2012), and the record must reflect some factual basis to support the determination that the defendant is capable of paying attorney's fees. *Barrera v. State*, 291 S.W.3d 515, 518 (Tex.App.—Amarillo 2009, no pet.) (*per curiam*); *Perez v. State*, 280 S.W.3d 886, 887 (Tex.App.—Amarillo 2009, no pet.).

Here, the *Judgment* requires Appellant pay $5,270 in court-appointed attorney's fees as "Court Costs: $ as per attached bill of costs."  The clerk's record reflects, however, that the trial court found Appellant indigent and unable to afford the cost of legal representation in the trial court's proceedings and on appeal.  It does not appear the trial court made a determination Appellant had financial resources enabling him to pay all or any part of the fees paid his court-appointed counsel, and we are unable to see any evidence to support such a determination.  Accordingly, we conclude the order to pay attorney's fees was improper because the evidence was legally insufficient to support a finding Appellant had the financial resources to pay attorney's fees.  *See Mayer v. State,* 309 S.W.3d 552, 556-57 (Tex.Crim.App. 2010).

---

[5]Courts of appeals may review unassigned error in criminal cases, particularly when the appellate court's review discloses error that should be addressed in the interest of justice.  *Hammock v. State,* 211 S.W.3d 874, 878 (Tex.App.—Texarkana 2006, no pet.).

CONCLUSION

Accordingly, we modify the trial court's judgment by adding the following provision at page 2 beneath the heading "Furthermore, the following special findings or orders apply": "As used herein the term 'court costs' does not include court appointed attorney's fees." As modified, the judgment is affirmed.

Patrick A. Pirtle
Justice

Do not publish.

7