

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-13-00131-CR
_____

JUSTIN WADE RAGAN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 355th District Court
Hood County, Texas
Trial Court No. CR12258; Honorable Ralph H. Walton, Jr., Presiding

September 11, 2014

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

In August 2012, Appellant, Justin Wade Ragan, was indicted for capital murder.[1] The State chose not to seek the death penalty, and following a three-day jury trial, Appellant was found guilty and sentenced to life without parole.[2]  In presenting this

---

[1] TEX. PENAL CODE ANN. § 19.03 (West Supp. 2014).

[2] TEX. PENAL CODE ANN. § 12.31(a)(2) (West Supp. 2014).

appeal, counsel has filed an *Anders*[3] brief in support of a motion to withdraw. We grant counsel's motion, modify the judgment in part and, as modified, affirm the judgment.

## BACKGROUND

This prosecution arises out of a homicide by gunshot that occurred during the course of a robbery in a bar located in Grandbury, Texas, on January 17, 2012. Appellant was linked to the homicide by physical evidence. Additionally, Appellant confessed to the shooting. Twice, to two separate civilian witnesses, who testified at trial, and also to law enforcement officials in a recorded statement that was admitted during trial and played for the jury. Although Appellant did not testify, his defensive theory was that the shooting occurred as the result of an accidental discharge of the firearm. At the conclusion of the evidence, the trial court presented its charge to the jury. The *Charge of the Court* included capital murder as charged in the indictment, as well as the lesser included offense of murder. The jury returned a verdict of guilty as to the offense of capital murder and this appeal followed.

## MOTION TO WITHDRAW

In support of his motion to withdraw, counsel addresses potential issues concerning a motion to suppress Appellant's inculpatory statements, jury selection, evidentiary objections and sufficiency of the evidence, before he candidly certifies he has diligently reviewed the record, and, in his opinion, the record reflects no reversible error upon which an appeal can be predicated. *Anders v. California,* 386 U.S. 738, 744-

---

[3] *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1987); *Monroe v. State,* 671 S.W.2d 583, 585 (Tex. App.—San Antonio 1984, no pet.). Thus, he concludes the appeal is frivolous.

Counsel candidly discusses why, under the controlling authorities, there is no error in the court's judgment. *See High v. State,* 573 S.W.2d 807, 813 (Tex. Crim. App. 1978). He also shows he sent a copy of his brief to Appellant and informed Appellant that, in his view, the appeal is without merit. Counsel demonstrates he notified Appellant of his right to review the record and file a *pro se* response if he desired to do so. Furthermore, the Clerk of this Court also advised Appellant by letter of his right to file a response to counsel's brief. Appellant did not file a response. The State elected not to file a brief.

We have independently examined the entire record to determine whether there are any non-frivolous grounds which might support the appeal. *See Penson v. Ohio,* 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *Stafford v. State,* 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We have found no such grounds. After reviewing the record and counsel's brief, we agree with counsel that the appeal is frivolous. *See Bledsoe v. State,* 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005).

### ATTORNEY'S FEES

In our review of the record, we noticed the judgment assessed $16,966.41 in "Court Costs" against Appellant. The *Bill of Costs* provided by the District Court Clerk indicates that $519.00 was for actual court costs and $16,447.41 was for court-appointed attorney's fees. There is no evidence of record indicating there was a change in Appellant's status as an indigent since being indicted. To the contrary, for

3

purposes of this appeal, the trial court found Appellant indigent and appellate counsel was appointed to represent him.

Once a criminal defendant has been found to be indigent, he is presumed to remain indigent for the remainder of the proceedings until a material change in a defendant's financial resources occurs. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2014). Further, in order to assess attorney's fees in a judgment, a trial court must first determine the defendant has the financial resources that enable him to offset in part or in whole the costs of legal services provided. *See id.* at art. 26.05(g) (West Supp. 2014). *See also Mayer v. State*, 309 S.W.3d 552, 555-56 (Tex. Crim. App. 2010). Additionally, the record must reflect some factual basis to support the trial court's determination. *See Barrera v. State*, 291 S.W.3d 515, 518 (Tex. App.—Amarillo 2009, no pet.); *Perez v. State*, 280 S.W.3d 886, 887 (Tex. App.—Amarillo 2009, no pet.). This did not occur here. Instead, Appellant's indigent status continued to his appeal.

No objection is required to challenge the sufficiency of the evidence regarding a defendant's ability to pay court-appointed attorney's fees, *Mayer*, 309 S.W.3d at 556, and the proper remedy is to delete the court-appointed attorney's fees from the *Bill of Costs* and any ensuing order permitting withdrawals from Appellant's inmate account. *Cates v. State,* 402 S.W.3d 250, 251-52 (Tex. Crim. App. 2013). Accordingly, the judgment is modified to reflect $519.00 in court costs, and the District Clerk is ordered to prepare an amended *Bill of Costs.*

4

Counsel's motion to withdraw is granted and the trial court's judgment is affirmed as modified.[4]

Patrick A. Pirtle
Justice

Do not publish.

---

[4] In granting counsel's motion to withdraw, we remind him of his "educational" duty to inform Appellant of this Court's decision and of his right to file a *pro se* petition for discretionary review in the Criminal Court of Appeals, *Ex parte Owens,* 206 S.W.3d 670, 673-74 (Tex. Crim. App. 2006).